## Waynesburg Borough, Appellant, *v.* Ray.

*Municipal claims—Paving—Boroughs—Failure to file lien—acts of
April 23, 1889, P. L. 44, and April 15, 1907, P. L. 83.*

The failure of a borough to file a municipal lien for paving within
six months from the time of the completion of the work, is under the
Act of April 23, 1889, P. L. 44, fatal to the borough's claim against the
owners of abutting properties; and there is nothing in the Act of
April 15, 1907, P. L. 83, to save the lien.

Argued April 19, 1915.   Appeal, No. 95, April T., 1915, by plaintiff, from judgment of C. P. Greene Co., Dec. T., 1912, No. 86, on verdict for defendant in case of Borough of Waynesburg v. J. W. Ray et al.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Scire facias sur municipal lien for paving.   Before RUPPEL, P. J., specially presiding.

At the trial the court gave binding instructions for defendants, and the jury returned a verdict in accordance with the instructions.

On a rule for a new trial judgment for defendant n. o. v. RUPPEL, P. J., filed an opinion the material portion of which is as follows:

2. The validity of a lien of this character is determined wholly upon the question of whether the authorities have pursued the provisions of the statutes enabling them to file liens: Western Pennsylvania Ry. Co. v. City of Allegheny, 92 Pa. 100; Morewood Avenue, 159 Pa. 39; Scranton Sewer, 213 Pa. 4; Greene v. Greene, 237 Pa. 71.

Therefore as the act of 1889, under which this lien was filed, required the lien to be filed within six months after the completion of the work, and as the lien itself shows that the work was completed on September 18, 1903, the lien is void unless it is protected by the remedial act of 1907.   Section 1 of that act reads:

"Be it enacted, &c., That whenever, heretofore, the council of any incorporated borough of this state has required, by ordinance, and caused to be paved, curbed, or macadamized, with brick, stone, or other suitable material, any public street or thoroughfare, or part thereof, or is now causing such paving, curbing, or macadamizing, pursuant to such ordinance; but, owing to some defect in the petition or other proceeding necessary under existing law to give jurisdiction to such council, or for any other reason, the cost of such im-

provement or a portion thereof cannot be legally assessed upon the property bounding or abutting upon the street or part thereof improved, as was contemplated by the act or acts of the general assembly under which the improvement was attempted to be made—now, by this act, such improvements are made valid and binding; and the council of such incorporated borough may cause the property bounding or abutting upon the street or part thereof upon which the improvement has been made, or is now being made, to be assessed with such a portion of the cost of such improvement as is contemplated by the law under which the improvement was made, or is now being made; such assessment shall be a lien upon the property assessed. The lien shall date from the completion of the improvement for which the assessment is made, and shall remain a lien until fully paid and satisfied. Provided, that a writ of scire facias is issued to revive the same during every period of five years after a lien is filed, as hereinafter provided."

The second section provides that the lien shall be filed "within six months after the completion of the work where the improvement is now in progress, or within six months after the approval of this act where the improvement is now completed."

That the legislature may pass an act of assembly retroactive in effect which applies only to the remedy, may be conceded; but that such an act may be passed to breathe life into a claim which had ceased to be in existence for more than four years is a proposition not sustained by any authorities and is repugnant to all our notions of security for property and freedom from litigation. By the borough's own showing, this work was completed on September 18, 1903, and by the provisions of the act of 1889, under which the work was done the borough, in order to preserve its lien, was bound to file it of record within six months thereafter, and having failed to do so the property was discharged from any claim or pretended claim whatever, and the legisla-

ture could not for years thereafter give it any validity:
Norman v. Heist, 5 W. & S. 171; Greenough v. Green-
ough, 11 Pa. 489; Shonk v. Brown, 61 Pa. 320; Lane
v. Nelson, 79 Pa. 407; Tarentum Borough v. Moor-
head, 26 Pa. Superior Ct. 273; Old Forge School Dis-
trict, 27 Pa. Superior Ct. 586; U. B. Congregation v.
Emaus Borough, 56 Pa. Superior Ct. 136; Common-
wealth v. Danville Bessemer Co., 207 Pa. 302; Horne
& Brannen Co. v. Steelman, 215 Pa. 187; Bagg's Ap-
peal, 43 Pa. 512.

A case directly in point is McCabe v. Emmerson,
18 Pa. 111. In that case an attempt was made to have
the Act of 1850, P. L. 230, apply to a judgment which
had been rendered previous to its passage. The second
section of that act reads: ". . . . And that any writ of
error heretofore taken under such circumstances and not
yet acted on, shall entitle the plaintiff in error to a
hearing," etc. And in the opinion of the Supreme Court,
Mr. Justice ROGERS says:

"Whether the draftsman of this section intended it
specially for this case, I do not pretend to know or con-
jecture; . . . . but granting the intention to be clearly
expressed, I have no hesitation in saying that the act
is unconstitutional and void. The legislature have no
power, as has been repeatedly held, to interfere with
vested rights. To give the property of A. to B. is clearly
beyond legislative authority. Suppose, after title ac-
quired to a tract of land by the act of limitations, the
legislature should extend the time; or suppose a writ of
error barred by lapse of time. Would any person con-
tend that the legislature would have a constitutional
authority to interfere so as to affect rights thus acquired?
This will scarcely be pretended."

In Richards v. Rote, 68 Pa. 248, defects in orphans'
court proceedings were sought to be cured by the act
of April 6, 1870, but Mr. Justice SHARSWOOD disposes
of the claim in the following language:

"But has the title of the act been full and particu-

lar; had the preamble recited the true difficulty, the entire want of authority in Griffin Rote to represent Lewis Richards; and had the enacting clause confirmed the title to Griffin Rote, derived under the proceedings, the act would still have been ineffectual for the purpose for which it was designed. It was not a case in which the mere irregularity of a judgment or a formal defect in the acknowledgment of a deed was cured, where the equity of the party is complete and all that is wanting is legal form. Such were Underwood v. Lilly, etc. . . . . On the contrary it is very clearly within the principle of Norman v. Heist, 5 W. & S. 171; . . . . These cases abundantly sustain the position that an Act of the Legislature cannot take the property of one man and give it to another, and that when it has been attempted to be taken by a judicial proceeding, as a sheriff's sale, which is void for want of jurisdiction, it is not in the power of the legislature to infuse life into that which is dead, to give effect to a mere nullity. That would be essentially a judicial act,—to pronounce judgment—to usurp the province of the judiciary—to forestall or reverse their decision."

The question has been squarely decided in Lewis v. Pennsylvania Railroad Company, 220 Pa. 317, in which Mr. Justice STEWART says:

"It is entirely competent for the legislature to make such changes, and impose liability where none was before, but legislation of this kind cannot operate retrospectively, but must be confined to future occurrences. A legal exemption from a demand made by another, is a vested right which the legislature may not interfere with. Even an expressed purpose that an act shall have such retroactive effect, is without avail. A statute which assumes to give character to facts which they do not possess at the time they took place, and attaches to them legal consequences from which they were exempt antecedent to the time of its passage, is in its essential nature ex post facto, and all such laws are considered as

founded on unconstitutional principles, and, therefore, inoperative and void."

See also White on the Constitution of Pennsylvania, pp. 114 to 134; Von Hoffman v. City of Quincy, 71 U. S. 535, 18 Law Ed. 403; Walker v. Whitehead, 83 U. S. 314, 21 Law Ed. 357.

The cases relied upon by the plaintiff's counsel are not in conflict with the ones cited above. Donley v. Pittsburg, 147 Pa. 348, involved the construction of the remedial act of May 16, 1891, but in that case every step taken by the municipal authority had been in strict compliance with the statutes then in existence, but because the act of assembly under which the improvements were made was declared unconstitutional by the Supreme Court, the act of 1891, was passed which simply gave the city a remedy. It did not supply any defects or omissions in the steps taken by the city.

New Brighton Boro. v. Biddell, 14 Pa. Superior Ct. 207, s. c. 201 Pa. 96, decides that the act of 1897 permitted the collection of a claim by a borough when it was discovered after the work had been done that the petition had not been signed by the requisite number of property owners. It will be observed in connection with what has been said in the opinion of the courts, both Superior and Supreme, that the defect in that case could have been taken advantage of at any time by the property owners or by any taxpayer during the progress of the work, and a failure to do so could have readily been charged against such parties in interest as laches. I am clearly of the opinion that the failure to file the lien within six months from the time of the completion of the work was fatal to the plaintiff's claim, and that the instruction given the jury to return a verdict for the defendant must be sustained on this ground alone.

*Error assigned* was in refusing binding instructions for defendant.

*Jerry E. Debolt,* for appellant.

*Joseph Patton,* with him *J. W. Ray,* for appellee.

PER CURIAM, May 14, 1915:

The nature of this case, the essential facts, and the pertinent statutes are clearly set forth in the opinion of Judge RUPPEL, specially presiding below. As will be seen by his opinion, five grounds of defense were set up. But in our view the second ground as stated by him is conclusive, and therefore we need not discuss or express opinion as to the others.

The municipal improvement for which the lien was filed was completed on September 18, 1903. As the claim was not filed until October 24, 1907, it was barred by sec. 3 of the Act of April 23, 1889, P. L. 44, under which the improvement was made. The land was discharged from the claim, not by reason of any defect in the law or of any slip or irregularity in the proceedings, but because the borough saw fit not to take advantage of the adequate statutory provision for perpetuating it. The borough's inaction was as effectual to discharge the land as if it had formally released the land from the charge. This was the reason why in 1907 the cost of the improvement, completed four years before, could not be assessed on the abutting properties. True, the words, "for any other reason," are used in the act of 1907. But applying the principle ejusdem generis, which is applicable with peculiar force in the construction of retroactive legislation like this, the meaning of these words must be restrained by the context. Without such restraint the greatest absurdities would result, as will be seen upon a moment's reflection. Thus viewing the statute, the sheer neglect or deliberate intention not to file the claim within the time prescribed by the act of 1889, was not a valid reason for invoking the provisions of the act of 1907. And even if it were possible to impute to the legislature the intention to apply

that act to such a case, its power to disturb vested rights would be open to serious question, as is well pointed out in the opinion of the learned judge. The distinction between this case and the cases relied upon by appellant's counsel is well indicated by him, and we know of no case which goes as far in sustaining retroactive legislation as we would be compelled to go in order to sustain appellant's claim. We therefore concur in the conclusion reached by the learned judge, that the failure to file the lien within six months from the time of the completion of the work was fatal to the plaintiff's claim.

The assignments of error are overruled and the judgment is affirmed.