# Towanda Borough, Appellant, *v.* Fell.

*Constitutional law—Retrospective legislation—Municipal claim —Failure to file claim within six months—Act of May 28, 1915, P. L. 610.*

The Act of May 28, 1915, P. L. 610, which gives to boroughs a remedy to collect municipal claims, although the same have not been filed within six months as provided by the Act of June 4, 1901, P. L. 366, is constitutional, although it is retrospective in character.

The legislature has the power to legislate retrospectively on all matters, not penal nor in violation of contracts, not expressly forbidden by the Constitution. The true rule is that where the omission to be cured is some act which the legislature might have dispensed with by a prior statute, the courts will construe the curative act so as to give it the retrospective operation intended.

The Act of May 28, 1915, P. L. 610, is not to be held unconstitutional because of the language of Section 10 of the Act of June 4, 1901, P. L. 367, namely: "If a claim be not filed within the time aforesaid (six months) or if it be not prosecuted in the manner, and at the time aforesaid it shall be wholly lost." This section applies merely to procedure.

The fact that a municipal claim for curbing recites that there was an assessment made against the property in August, 1913, and a second assessment made after the curative Act of May 28, 1915, P. L. 610, is not fatal to the claim.

Argued Nov. 22, 1916. Appeal, No. 327, Oct. T., 1916, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1915, No. 339, sustaining demurrer to scire facias sur municipal claim in case of Towanda Borough v. U. M. Fell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Scire facias sur municipal claim for curbing.

From the record it appeared that plaintiff filed municipal lien against defendant's property and issued a sci. fa. thereon. The defendant demurred thereto alleging that the claim was not filed until more than six months after the date of the completion of the work; that the claim did not show any authority in law for collecting from the defendant the cost of constructing the curbing claimed for and that it was invalid upon its face.

The court sustained the demurrer and entered judgment in favor of the defendant.

*Error assigned* was the judgment of the court.

*J. Roy Lilley,* with him *Wm. P. Wilson* and *S. Bergen Park,* for appellant.—The Constitution contains a provision prohibiting the passage of ex post facto laws, but the courts have held that this has application to criminal or penal statutes and not to retroactive laws affecting civil matters: Grim v. Weissenberg School Dist., 57 Pa. 433; Fahnestock v. Wilson, 95 Pa. 301; Taylor v.

Mitchell, 57 Pa. 209; Underwood v. Lilley, 10 S. & R. 97; Okeson v. Patterson, 29 Pa. 22; Ballard v. Ward, 89 Pa. 358; Swartz v. Carlisle Borough, 237 Pa. 473.

*J. C. Ingham,* with him *I. McPherson* and *Charles M. Culver,* for appellee, cited: Waynesburg Boro. v. Ray, 59 Pa. Superior Ct. 640; Norman v. Heist, 5 W. & S. 171; Lewis v. Pennsylvania R. R. Co., 220 Pa. 317.

OPINION BY PORTER, J., March 4, 1918:

This is a scire facias upon a municipal claim for curbing. The claim and the scire facias issued thereon recited that the work was completed on June 17, 1913, but the claim was not filed within six months of the completion of the work, as required by Section 10 of the Act of June 4, 1901, P. L. 364; that an assessment for the curbing was made against the property on August 19, 1913, and duly rendered to the owner; that the remedial statute of May 28, 1915, P. L. 610, gave to the borough a remedy to collect the claim, although the same had not been filed within six months, and that this claim was filed in pursuance of the provisions of said remedial statute. The defendant demurred to the scire facias, upon the ground that the claim had not been filed within six months after the completion of the work, and there was no lawful authority for filing the same on November 27, 1915. The learned judge of the court below was of opinion that, as the claim had ceased to be collectable at the date of the approval of the Act of May 28, 1915, those provisions of the statute which brought this claim within its protection interfered with the vested rights of the property owner and the statute was to that extent unconstitutional. The court sustained the demurrer and entered judgment in favor of the defendant. The borough appeals from that judgment.

This case as presented involves the single question of the constitutionality of the Act of May 28, 1915, P. L. 610, and it is unnecessary to consider the question of the

propriety of a demurrer in such case. There can be no question that it was the legislative intention by this statute to give boroughs a remedy to collect from property benefited by the construction of a curb the amount of the cost thereof, in cases where the borough had failed to avail itself of the remedy provided by the statutes under which the work was done, through a failure to file the claim in time. The statute left nothing to implication. By its express terms it was retrospective and included cases in which the facts were such as here involved. Did the legislature have power to enact a retrospective statute of this character? It is the law of Pennsylvania that the legislature has the power to legislate retrospectively on all matters, not penal nor in violation of contracts, not expressly forbidden by the Constitution. The true rule is that where the omission to be cured is some act which the legislature might have dispensed with by a prior statute, the courts will construe the curative act so as to give it the retrospective operation intended: Swartz v. Carlisle Borough, 237 Pa. 473. It has been frequently held that the legislature may impose upon a local district a tax to pay the expenses of a public improvement already made, such laws are an exercise of the power of taxation, interfere with no contract and divest no vested rights. The public has a right to demand that a lot owner shall contribute to pay for a public work from which his property has received a benefit peculiar to it, as distinguished from properties not in like manner directly affected. Where, because of some slip in the proceedings, the public is deprived of the remedy provided by preëxisting legislation, the equitable right to contribution from the property still remains, although the remedy for its enforcement is gone, and the Constitution does not prohibit the legislature from giving a remedy: New Brighton v. Biddell, 14 Pa. Superior Ct. 207, and 201 Pa. 96. What more was done in this case?

The legislature had the power, before this work was

done, to provide that the claim should be filed within a period greater than six months, or that it might be filed at any time after demand made upon the lot owner: Schenley v. Com. to use of City of Allegheny, 36 Pa. 29. This defendant was not induced to do anything which might operate to his prejudice because of the failure of the borough to file the claim within six months after the work was completed and no equities have arisen to excuse him from payment.   It was, therefore, within the power of the legislature, by a retrospective statute, to make legally enforceable the equitable claim of the public by enacting that the claim might be filed after the expiration of six months: Lafferty v. Milligan, 165 Pa. 534. The learned counsel for the appellee ably and earnestly argued that the Act of 1915 should be held unconstitutional because of the language of the tenth section of the Act of June 4, 1901, P. L. 364, namely: "If a claim be not filed within the time aforesaid (six months) or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost." It is to be observed that this provision relates to procedure; it has nothing to do with the equitable rights of the public to have contribution.   Municipalities cannot recover assessments for benefits resulting from local improvements without legislative authority and they can only recover by proceeding in the manner by the statutes provided: McKeesport Borough v. Fidler, 147 Pa. 532. If they proceed in a manner other than that provided by the statute, a valid statute, they cannot recover, the claim is lost, unless saved by a subsequent curative statute of the nature of that with which we are now dealing.   The Act of 1901, above referred to, provided a code of procedure for the enforcement of claims of this character and the failure of a municipality to proceed in the manner directed would have effectually defeated the claim, it would have been "wholly lost" so far as that statute gave a remedy, even if the tenth section had not contained the sentence above quoted.   That sentence merely stated

what the law would have declared even if it had been omitted. It was not within the power of the legislature of 1901 to limit the authority of subsequent legislatures as to taxation, where the subject dealt with did not contemplate any action by the owner of the property to be taxed which would place him in a condition less favorable than if the claim had been filed in time, or would have given rise to a contractual relation.

The authorities relied upon by the learned judge of the court below do not establish any principle which cannot be reconciled with that long line of cases of which a few examples have been hereinbefore cited. Lewis v. The Pennsylvania R. R. Co., 220 Pa. 317, dealt with the rights of private individuals, which indirectly arose out of a contractual relation, and it was held that, under the law existing at the time of the accident, the plaintiff's husband, who was killed, was an employee of the defendant company. Waynesburg Borough v. Ray, 59 Pa. Superior Ct. 640, was decided by this court upon the ground that the case did not come within the provisions of the curative act of April 15, 1907, P. L. 83. It is true that it was in that case said that the power of the legislature to disturb vested rights, by enacting a statute to relieve from the neglect of a borough to file a lien in time, "would be open to serious question." That question this court did not then decide. The language of the Act of 1915 is different from that of the Act of 1907 and this case comes clearly within its provisions. The question with regard to which a doubt was then expressed, we are now called upon to decide. We are of opinion that the Act of May 28, 1915, P. L. 610, was a valid exercise of legislative power.

The fact that the claim recites that there was an assessment made against the property in August, 1913, and a second assessment made after the passage of the curative legislation is not fatal to the claim. The statute expressly validates assessments made prior to its enactment, and authorizes an assessment in case none had al-

ready been made.   If either of the assessments recited in this claim were properly made that is sufficient.to sustain the claim.

The judgment is reversed, the demurrer is overruled and the record is remitted with a procedendo.