## Borough of Huntingdon v. Dorris, Appellant.

*Pleading—Sci. fa. sur municipal lien—Defense—Validity of lien.*
In an action of scire facias sur municipal lien, any objection to the sufficiency of the lien, is a question of pleading, and should be raised by a motion to strike off the lien, or a demurrer thereto. Where a defendant goes to trial without objection to the form of the lien it is too late to enter such objection at the trial.

*Sci. fa. sur municipal lien—Effect of lien—Affidavit of defense—Burden of proof—Act of May 28, 1915, P. L. 599.*
Upon a scire facias sur municipal lien, plaintiff having offered the lien in support of the action, established, thereby, a prima facie

case, under the provisions of the Act of May 28, 1915, P. L. 599. The burden was then upon defendant to prove the existence of any facts that would successfully meet the plaintiff's demand. An affidavit of defense denying the validity of the lien had the effect to prevent a judgment, but did not shift the burden established by statute.

*Constitutional law—Vested rights—Retrospective legislation—Act of May 8, 1919, P. L. 137—Municipal claims—Nature.*

The Act of May 8, 1919, P. L. 137, validating municipal claims, otherwise void "owing to some defect in the ordinance, assessment, or for any other reason," does not relate to penal subjects, and is not in violation of contract, nor is it forbidden by state or federal Constitution.

The charge for municipal improvements is in the nature of a tax, and the equitable right to contribution from the property benefited survives, though the remedy be lost through a defect in the proceedings. The legislature may provide a new remedy, and, in doing so, is but exercising its powers to tax, and does not violate any constitutional right.

Proceedings to establish charges in the nature of a tax are proceedings in rem, and omission of some detail of procedure does not establish in the owner of the property a vested defense available against a validating statute.

*Boroughs—Paving and curbing—Municipal claims—Validity of Act of May 8, 1919, P. L. 137—Acts of April 30, 1919, P. L. 91, and June 4, 1919, P. L. 389—Conflict of laws—Interpretation of statutes.*

The validating Act of May 8, 1919, P. L. 137, relating to municipal claims of boroughs covers the case of a lien for paving and curbing otherwise void, because not properly recorded in the borough ordinance book, and gives to that, which would otherwise have been void, validity and efficacy.

Statutes enacted at the same session of the legislature should receive such construction, if possible, as will give effect to each.

A subsequent statute treating a subject in general terms, and not expressly contradicting the provisions of a prior special statute, is not to be so construed as to affect the earlier act, unless absolutely necessary.

The Act of May 8, 1919, P. L. 137, relates to claims arising out of the pavement of highways in cases where a lien has been filed. The Acts of April 30th and June 4th apply to pavements, sidewalks and sewers and cover all cases where liens have not been filed. Different methods of procedure were adopted in the latter acts from

that provided in the Act of May 8th. No violence is done to the language of these acts by holding that they are not in conflict and relate to different circumstances.

Argued October 25, 1921.   Appeal, No. 27, Oct. T., 1921, by defendant, from judgment of C. P. Huntingdon County, Dec. T., 1919, No. 24, on verdict for plaintiff, in the case of The Burgess and Town Council of The Borough of Huntingdon, in the County of Huntingdon, v. John D. Dorris. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur municipal lien. BARNETT, P. J., 41st Judicial District, specially presiding.

A scire facias was issued at the suit of the Borough of Huntingdon upon a lien filed for the construction of concrete paving and curbing on Warm Springs Avenue, adjoining property of the defendant in the said borough.

Verdict was directed for the plaintiff in the sum of $900.57, and the point reserved that "under all the evidence in the case, the verdict should be for the defendant." Subsequently, the court entered judgment on the verdict. Defendant appealed.

*Errors assigned* were refusing defendant's motion for judgment non obstante veredicto, affirming plaintiff's point that judgment should be for the plaintiff, and in overruling defendant's offer of evidence of a former voluntary nonsuit suffered by the plaintiff upon the same lien.

*W. M. Henderson,* and with him *H. H. Waite,* for appellant.—The borough should have proved the ordinance to support its lien: York City v. Holtzapple, 67 Pa. Superior Ct. 596; Swissvale Boro. v. Dickson, 68 Pa. Superior Ct. 160; Scranton Sewer Case, 213 Pa. 4.

The defendant had a vested right of defense which could not be disturbed by subsequent legislation: Lewis v. Pennsylvania R. R. Co., 220 Pa. 317.

The cases sustaining retroactive remedial legislation are not applicable where the legislation by councils showed invalidity, or where there was no legislation by the municipality: Donley v. Pittsburgh, 147 Pa. 348; Waynesburg Boro. v. Ray, 59 Pa. Superior Ct. 640; Brighton Boro. v. Biddell, 14 Pa. Superior Ct. 207.

*H. W. Petrikin,* and with him *James S. Woods,* for appellee.—The regularity of a municipal lien is a question of pleading, and must be raised by demurrer, or a motion to strike off: City of York v. Miller, 254 Pa. 436.

The legislature has the right to legislate retrospectively on all matters, not penal nor in violation of contracts, not expressly forbidden by the Constitution: Towanda Boro. v. Fell, 69 Pa. Superior Ct. 468.

OPINION BY HENDERSON, J., March 3, 1922:

The plaintiff filed a municipal lien against the defendant's property and issued a scire facias thereon to enforce the collection of the claim. An affidavit of defense was filed challenging the validity of the lien because of defects in the statement of claim; because no ordinance was legally passed and adopted and transcribed in the ordinance book prior to the making of the improvement authorizing the same to be made; because the ordinance referred to does not declare the intention of the borough to improve the street in front of the defendant's property and because of other defects and errors in the proceeding. The case was brought to trial on the pleadings as thus formed. Any objection to the sufficiency of the lien is a question of pleading and should be raised by a motion to strike off the lien or a demurrer thereto. Where a defendant goes to trial without objection to the form of the lien, it is too late to enter such objection at the trial. The averments as to the ordinance, the execution of the work, and the nature thereof constituted a part of the plaintiff's statement of claim, and any allegation of a deficiency in form or substance should

have been raised at the threshold : City of York v. Miller,
254 Pa. 436. The plaintiff having offered the lien in sup-
port of the action, a question arose as to the burden of
proof; the defendant contending that it was the obli-
gation of the plaintiff to establish the sufficiency of the
lien by preliminary proofs of the regularity of the pro-
cedure leading up to it. The objection to the plaintiff's
offer was properly overruled for it is provided by section
6 of the Act of May 28, 1915, P. L. 599, that "tax claims
and municipal claims shall be prima facie evidence of the
facts averred therein in all cases; and the averments in
both tax and municipal claims shall be conclusive evi-
dence of the facts averred therein except in the particu-
lars in which those averments shall be specifically denied
by the affidavit of defense." The evident purpose of this
legislation was to prevent vexatious objections in actions
of this character and to bring such controversies to
their substantial issue. It permits a municipality to
prove its right to recover in the first instance on evidence
of the lien. This does not preclude the defendant from
introducing such evidence as may be relevant to show
that the statutory requirements have not been complied
with as conditions precedent to the existence of a valid
lien, but in the absence of such proofs, the existence of
the lien is a sufficient foundation to support a judgment.
The statute goes further and declares that the lien shall
be conclusive evidence of the facts averred therein except
in the particulars in which the averments are specifically
denied by the affidavit of defense. The plaintiff, then hav-
ing offered the lien, established a prima facie case, and it
was the burden of the defendant to prove the existence of
any facts which would successfully meet the plaintiff's
demand. The only evidence offered was that of the clerk
of the borough council who testified that the ordinance
under which the improvement was made had not been
recorded in the borough ordinance book as required by
the Act of 1851, up to the time when the work was done,
nor for six months after the completion thereof, from

which fact the appellant contends the ordinance was invalid, as the statutory requirements relating to recording and signing of ordinances are mandatory. The trial judge sustained the contention that the ordinance should have been recorded, and signed in the record book by the burgess, but held that the validating Act of May 8, 1919, P. L. 137, covered the facts of the case and gave to that which would otherwise have been a void lien, validity and efficacy. The act referred to provides that whenever in any borough, prior to the passage of the act, a highway or part thereof has been paved and curbed in pursuance of authority of an act of assembly, and an ordinance passed and enacted in pursuance thereof, and the costs and expenses, or a part thereof of the improvement, assessed on the abutting property owners as provided by the ordinance, and an act of assembly authorizing and directing such improvement and a municipal lien has been filed against the property owner therefor, "but owing to some defect in the ordinance, assessment, or for any other reason, the proceeding by the council authorizing and directing the improvement or any municipal lien filed therefor, is defective or invalid, such proceedings authorizing the improvement, and any municipal lien filed therefor, are hereby validated and made binding for the amount justly and equitably due and payable on account of such paving and curbing." That the legislature has the power to pass such an enactment is definitely settled. It does not relate to penal subjects, nor is it in violation of a contract nor expressly forbidden by the Constitution of this State or the United States. The charge is in the nature of a tax. The improvement of the property is assumed and the equitable right to contribution from the property survives although by reason of some mistake in the proceedings the remedy for its collection is lost. The legislature may provide a new remedy and in so doing there is no deprivation of a constitutional right. It is but the exercise of the taxing power: Swartz v. Carlisle Bor-

ough, 237 Pa. 473; New Brighton v. Biddell, 14 Pa. Superior Ct. 207; Towanda Borough v. Fell, 69 Pa. Superior Ct. 471. It is contended in the argument that the defendant had a vested right of defense arising out of the failure to record the ordinance as required by the statute, and that it is not within the power of the legislature to deprive him of that right by validating legislation, and Lewis v. The Penna. R. R. Co., 220 Pa. 317, is relied on as an authority in support of that position. It will be noticed, however, that the contest there involved a personal right. The effort was to give to the repealing Act of June 10, 1907, P. L. 522, the effect of obliterating wholly the Act of April 4, 1868, and investing the plaintiff with the right of action she would have had if the latter act had not been passed. The injury occurred while the Act of 1868 was in force. The plaintiff's right of action was only such as she would have had if her husband had been an employee of the defendant company. This fixed the full extent of the defendant's liability at the time the accident occurred. The effect of the decision was that it was competent for the legislature to make such changes and impose liability where none was before, but that legislation of this kind could not operate retrospectively, but must be confined to future occurrences. A legal exemption from such demand was a vested right with which the legislature could not interfere. The law of the case at the time when the cause of action became complete is an inherent element in it and if changed or annulled, justice is denied, and the due course of law is violated. By the same reasoning exemption from liability on a particular demand constituting a complete defense to an action brought stands on as high ground as a right of action. Broadly stated the doctrine is that he who was never bound legally or equitably cannot have a demand created against him by mere legislative action. A vested right is property, as tangible things are, when they spring from contract or the principles of the common law, and there may be a vested right

in an accrued cause of action or in a defense to a cause of action.   But the principle that the legislature cannot give retrospectively a right of action where none existed at the time of the occurrence out of which the alleged cause of action arises has no application to the imposing of charges in the nature of a tax.   They are proceedings in rem; no feature of a contract relation exists and the omission of some detail of procedure does not establish in the owner of the property a vested defense available against a validating statute.   The appellant contends the omission to record the ordinance is a "basic fact," but it is no more so than a number of other statutory regulations on the subject of municipal liens.   The rule is that where the omission to be remedied is an act which the legislature might have dispensed with by a prior statute, the same authority which imposed the requirement may give relief by dispensing with it through retroactive legislation.

It is further contended that inasmuch as the Act of April 30, 1919, P. L. 91, and of June 4, 1919, P. L. 389, relate to the validating of municipal liens and provide for an assessment of the charge by the municipal authorities, this is a specific provision applicable to such cases, and that the Act of May 28, 1919, does not apply for the reason that it is general in its terms.   It is a recognized principle that statutes enacted at the same session of the legislature should receive such construction, if possible, as will give effect to each; they are within the reason of the rule governing statutes in pari materia—each is supposed to speak the mind of the same legislature and the words used in each should be qualified and restricted, if necessary, in their construction and effect so as to give validity to every other act passed at the same session: Smith v. People, 47 N. Y. 330; White v. City of Meadville, 177 Pa. 643.   Out of this principle has come the rule that a subsequent statute treating a subject in general terms and not expressly contradicting the provisions of a prior special statute is not to be considered

as to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all. The presumption is that the legislature having had its attention directed to a particular subject does not intend subsequently to derogate from its own act when the later legislation contains no repealing clause or reference to the former legislation and is not necessarily incompatible therewith. Unless the provisions of the acts are manifestly inconsistent or there is an express repeal, they will both stand. Is the Act of May 28th repugnant to the Act of April 30th? If so, the later legislation must prevail if they may not be reconciled. And the same may be said of the Act of June 4th. It will be observed that the Act of May 28th relates only to a highway or part thereof paved under the authority of an act of assembly and an ordinance passed. It has no reference to footwalks nor to sewers or other municipal improvements. It is only applicable to cases in which a municipal lien has been filed against the property to be charged. The Acts of April 30th and June 4th apply to pavements, sidewalks and sewers and cover all cases where liens have not been filed. It is not so clear that they apply to cases in which a municipal lien has been filed in regular form. In each "the improvement" is made valid and binding and provision is made for assessing the proportionate cost of the improvements and for the entering of a lien for such assessment. It thus appears that different methods of procedure are adopted in the Acts of April and June from that provided for in the act applied by the court below. As it was clearly within the power of the legislature to prescribe the specific effect of the plaintiff's lien and to cure any defects therein, and as this has been definitely accomplished by the Act of May 28th, it would be an unwarrantable conclusion that the legislature intended by an enactment nine days later to repeal the preceding legislation and to apply the general provisions of the Act of June 4th to the particular state of facts

covered by the Act of May 28th. It is the duty of the court to sustain all the enactments unless there is such inconsistency as makes it necessary to hold otherwise. No violence is done to the language of these acts by holding that one of them applies to the particular case of a street pavement where a lien has been filed and the others relate to various municipal improvements.

The appellant also contends that the court in effect assumed that the assessment was made as provided by ordinance when the ordinance was not put in evidence and when its existence had been denied in the affidavit of defense, and that there was no basis for the determination that any defect in the ordinance or omission in the recording thereof had been cured, because the ordinance was nowhere to be found in the record. This argument overlooks the 6th section of the Act of May 28, 1915, which makes tax claims and municipal claims prima facie evidence of the facts averred therein in all cases, and the averments in both tax and municipal claims are made conclusive evidence of the facts averred except the particulars on which the averments are specifically denied in the affidavit. The affidavit of defense did not impose on the plaintiff the obligation to combat in the first instance the allegations of the affidavit of defense. That had the effect to prevent a judgment, but it did not shift the burden of proof established by the statute.

The offer of evidence contained in the third assignment was properly rejected by the court. It cannot be successfully contended that the taking of a voluntary nonsuit in a prior writ of scire facias on the same claim gives to the defendant a vested right available as a defense in a second action on the same claim. A voluntary nonsuit is in no sense a judgment, nor conclusive against the plaintiff in a subsequent action. The assignment is not in accordance with rule 16, and might be disregarded, but it cannot be sustained on the merits.

A careful review of the legislation and decisions bearing on the subject requires us to hold that the judgment

of the court is correct. We are unable to avoid the conclusion that this action is supported by statute and precedent. The obligation imposed is one of the burdens of government with respect to which the individual has little to say, but the power of the legislature to authorize a borough or city to impose a charge of this character in the manner which the legislature may provide is too firmly established to be questioned.

The judgment is affirmed.