## Borough of West Newton, Appellant, v. Scholl.

*Municipal liens—Sci. fa. sur municipal lien—Publication—Failure to publish—Curative legislation—Act of May 8, 1919, P. L. 137 —Act of May 12, 1921, P. L. 545.*

The Act of May 8, 1919, P. L. 137, relating to municipal claims, covers the case of a lien for paving and curbing, otherwise void, because not properly advertised, in the manner provided by the statute, and give to that, which would otherwise have been void, validity and efficacy. The requirement that the ordinance should be published, whether before or after its passage by council, was an act which the legislature might have dispensed with by a prior statute, and, being so, the courts will construe the curative act so as to give it the retrospective action intended.

The Act of May 8, 1919, P. L. 137, cured any defects in the ordinance due to the failure of the municipal authorities to publish it, either before or after its passage. It not only cured defects in proceedings, but it validated and made binding the municipal lien.

Argued April 16, 1923. Appeal, No. 98, April T., 1923, by plaintiff, from decree of C. P. Westmoreland Co., Aug. T., 1920, No. 917, refusing to take off judgment of nonsuit in the case of Borough of West Newton v. M. F. Scholl. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Scire facias sur municipal lien. Before COPELAND, J.

The facts are stated in the opinion of the Superior Court.

At the trial of the case the court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to strike off judgment of nonsuit.

*John E. Kunkle,* for appellant.

*R. Kirk McConnell,* and with him *Paul H. Gaither* and *R. Kay Portser,* for appellee.

OPINION BY PORTER, J., October 5, 1923:

The borough, in February, 1916, filed a municipal claim for paving a street against the property of the defendant and, in August, 1920, issued a scire facias to enforce the collection of the claim.   An affidavit of defense was filed challenging the validity of the lien upon the ground that no ordinance had been legally passed, adopted and transcribed in the ordinance book prior to the making of the improvement, nor had such ordinance been published in a newspaper and advertised by hand bills either before or after its passage, as by law required. When the case came to trial the plaintiff offered the lien in support of the action, but instead of relying on the prima facie evidence of the right to recover thus presented, as it might have done under the provisions of the sixth section of the Act of May 28, 1915, P. L. 599, it elected to present its whole case in evidence and offered the ordinance, evidence of the publication thereof prior to its final passage, as required by the Act of May 12, 1911, P. L. 288, and the record of the ordinance transcribed in the borough ordinance book, duly certified by the proper officers and approved by the burgess.   The court below entered a nonsuit, upon the ground that the ordinance had not been published, after its passage, in the manner required by the third section of the Act of April 3, 1851, P. L. 320; which judgment it subsequently

refused to take off.   The plaintiff assigns this ruling for error.

The opinion filed by the learned judge of the court below, in refusing to take off the judgment of nonsuit, clearly indicates that he gave to the question involved conscientious consideration.   He arrived at the conclusion that the Act of May 8, 1919, P. L. 137, dealt entirely with defects in ordinances and assessments, and could not avail to render valid a claim when the ordinance had not been duly advertised after its passage.   It is unfortunate that the decision of this court in the case of Huntingdon Boro. v. Dorris, 78 Pa. Superior Ct. 469, was not called to the attention of the court below.   We in that case held that the statute referred to should be construed to cure a defect in the proceedings by the borough authorities which occurred after the ordinance was passed, viz: the failure to record the ordinance in the borough ordinance book, as required by the Act of 1851.   The Act of May 8, 1919, applies to cases in which the borough has passed an ordinance, authorized by an act of assembly, directing the paving of a street and the assessment for the cost and expense, or part thereof, upon abutting property, and has filed a municipal lien against the property owner therefor, but, "owing to some defect in the ordinance, assessment, or for any other reason, the proceeding by the council authorizing and directing the improvement, or any municipal lien filed therefor, is defective or invalid, such proceedings, authorizing the improvement, and any municipal lien filed therefor, are hereby validated and made binding for the amount justly and equitably due and payable on account of such paving and curbing."   The Act of May 12, 1921, P. L. 545, is practically similar in its provisions, but it also cures defects in claims for grading streets.   Both these acts were in force and applicable to this proceeding at the time of the trial, but the Act of 1921 does not seem to have been called to the attention of the judge.   It was evidently not the legislative intention by these statutes

to confine the remedy given to those cases in which there was a mere formal defect apparent upon the face of the ordinance or assessment.  We held in the case above cited that the language of the statute must be held to include all the proceedings by the municipal authorities and to cure any defects therein, when the ordinance was regularly adopted by the requisite number of votes of the council.  In that case the borough authorities had failed to comply with the mandatory provision of the statute that the ordinance must be duly recorded in the ordinance book, while in the present case the borough authorities failed to comply with the requirement that the ordinance should be advertised in the manner provided by the statute.  Both are things which must be done after the ordinance is passed, the omission of one is not less fatal to the validity of the ordinance than that of the other.  The authority of the legislature to enact these retrospective curative statutes is well settled: Huntingdon Boro. v. Dorris, supra; Towanda Boro. v. Fell, 69 Pa. Superior Ct. 468, and it is unnecessary here to repeat the reasons for sustaining it.  The requirement that the ordinance in this case should be published, whether before or after its passage by council, was an act which the legislature might have dispensed with by a prior statute, and, being so, the courts will construe the curative act so as to give it the retrospective operation intended.  The Act of May 8, 1919, P. L. 137, cured any defects in the ordinance with which we are now dealing, due to the failure of the municipal authorities to publish it, either before or after its passage.  It not only cured defects in proceedings but it validated and made binding the municipal lien, there was no necessity for another assessment; differing in this respect from some other curative statutes.

The judgment is reversed and the record remitted for further proceedings.