# Borough of East McKeesport *v.* Thomas Park Heirs et al., Appellants.

*Municipal liens—Sci. fa. sur municipal lien—Filing of lien—Time—Affidavit of defense — Insufficiency — Report of viewers—Confirmation.*

In an action of scire facias sur municipal lien, an affidavit of defense is insufficient, which avers that the claim was not filed within six months of the confirmation of the report of the board of viewers, when it appears that the lien was filed within six months from the final action of the court.

The report having been confirmed and the confirmation stricken off, and subsequently reconfirmed at a later date, the six months' period began from the date of the last and final confirmation.

*Municipal claims—Failure to file lien within six months—Curative legislation—Act of May 12, 1921, P. L. 545.*

The failure to file a claim within six months was an act which the legislature might have dispensed with by a prior statute, and it was within the legislative power to remedy the defect by a retroactive statute. The Act of May 12, 1921, P. L. 545, cured all defects in proceedings by boroughs to collect claims for grading, paving and curbing streets; for it not only validated defects in proceedings by the council authorizing and directing the improvement, but also provided that when "the proceeding in the filing of any municipal claim or lien therefor, are for any reason defective or invalid, and especially in any case in which the borough solicitor has failed to file said lien in the prothonotary's office within the time provided by law, such proceedings, authorizing the improvement, and any municipal claim or lien filed therefor, are hereby validated and made binding for the amount justly and equitably due and payable on account of such grading, paving and curbing."

Argued April 24, 1923. Appeals, Nos. 56 and 57, April T., 1923, by Mary J. Park, from the judgment of C. P. Allegheny Co., July T., 1918, Nos. 1923 and 1924, in favor of plaintiff for want of a sufficient affidavit of defense in the cases of Borough of East McKeesport v. Thomas Park Heirs, with notice to Mary J. Park and Eleanor Park, owners or reputed owners, and William

Creek. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Scire facias sur municipal lien. Before DREW, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and entered judgment in favor of the plaintiff for the sum of $850. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*George H. Quaill,* for appellant.—The lien was defective on its face and therefore void: Schuylkill Co. v. Minogue, 160 Pa. 164; Westmoreland County v. Fisher, 172 Pa. 317; Reading City v. O'Reilly et al., 169 Pa. 366; Breed v. City of Allegheny, 85 Pa. 214; Bolton v. Johns, 5 Pa. 145; Wall v. Wall, 123 Pa. 545.

*Verner L. Barbor,* for appellee.—The absolute confirmation of the report of the viewers as of October 24, 1913, was within the powers of the court: Second Ave., 7 Pa. Superior Ct. 55; Myers et al., Executors, v. South Bethlehem, 149 Pa. 85; City of Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271.

OPINION BY PORTER, J., October 5, 1923:

These appeals are from judgments entered by the court below for want of a sufficient affidavit of defense in actions of scire facias upon a municipal claim filed under the provisions of the Act of June 4, 1901, P. L. 364, and the amendments thereof.

Viewers were appointed, under the provisions of the Act of May 16, 1891, P. L. 75, and the supplements and amendments thereof, to ascertain the costs, damages and

expenses and to assess the benefits arising from the grading, paving and curbing of Greensburg Avenue, in the borough of East McKeesport. The report of viewers was filed and confirmed nisi on February 9, 1912, and benefits assessed on the property of the appellant to the amount of $1,595.71.. Within thirty days from the filing of the report, Mary Park, the present appellant, appealed and demanded a jury trial, which trial resulted, on September 23, 1915, in a verdict in favor of the borough in the sum of $850.00. Judgment was duly entered upon that verdict on January 19, 1916, and no appeal therefrom was taken. We thus have it determined by a judgment upon the verdict of a jury that the property of this appellant was benefited by the improvement and the amount of that benefit conclusively determined.

The defense asserted in the affidavit is alleged to be founded upon the action of the court below in dealing with the final confirmation of the report of viewers, subsequent to her appeal therefrom and while that appeal was pending, which resulted in the alleged failure of the borough to file the claim in time. The report of viewers having been confirmed nisi on February 9, 1912, was confirmed absolutely by the court on March 13, 1912, the appellant in the meantime having taken her appeal and demanded a jury trial. Other parties to the proceeding subsequently presented a petition to the court praying the court to strike off the absolute confirmation of the viewers' report, upon the ground that notice of the filing of the report of viewers had not, prior to the final confirmation, been published in a newspaper, as provided by the Act of April 2, 1903, sec. 1, P. L. 124. The court granted a rule to show cause why the confirmation should not be stricken off, which rule was made absolute on September 8, 1913. The viewers' report was then duly advertised and, upon proof of such advertisement, was on October 24, 1913, confirmed absolutely. The contention of the appellant is that the original absolute confirmation of the report, on March 13, 1912, was as to her

a final judgment and that the subsequent proceedings were a nullity; that in order to preserve the lien of the claim the borough was required by the Act of June 4, 1901, P. L. 364, and the supplements thereto, to file the municipal claim within six months from the final confirmation, which period expired on September 13, 1912, and the lien not having been filed until December 12, 1913, the claim was wholly lost.

It may well be doubted whether the failure to publish in a newspaper notice of the filing of the report, is such a jurisdictional defect in the proceeding, as to render the absolute confirmation of the report a nullity, or merely to render the assessments nonconclusive: Erie City v. Willis, 26 Pa. Superior Ct. 459.. That question we do not decide. It was an irregularity which it was within the power of the court to correct, and this it did by striking off the confirmation, and ordering publication. The subsequent final confirmation was a final judgment, and not having been appealed from became conclusive. This appellant was not deprived of any right because of the failure to publish notice of the filing, for she knew that the report had been filed and from it took her appeal: Marshall Avenue, 213 Pa. 516. If the first absolute confirmation of the report, on March 13, 1912, was a mere nullity then the court had power to correct the error at any time and the final absolute confirmation was the only such confirmation in the case. What we here say must be understood as applying only to the peculiar facts of this case. It was only necessary, for the reason hereinafter stated, for the borough to show that there had been an absolute confirmation of the viewers' report and that a lien had been subsequently filed in proper form.

The failure to file the claim within six months was an act which the legislature might have dispensed with by a prior statute, and it was within the legislative power to remedy the defect by a retroactive statute: Towanda Boro. v. Fell, 69 Pa. Superior Ct. 468; Huntingdon Boro. v. Dorris, 78 Pa. Superior Ct. 469. The Act of May 12,

608 EAST McKEESPORT BORO. v. THOS. P. HEIRS.

1921, P. L. 545, seems to have escaped the attention of the court below and of the learned counsel in this appeal. That statute cured all defects of the nature of that with which we are now dealing in proceedings by boroughs to collect claims for grading, paving and curbing streets; for it not only validated defects in proceedings by the council authorizing and directing the improvement, but also provided that when "the proceeding in the filing of any municipal claim or lien therefor, are for any reason defective or invalid, and especially in any case in which the borough solicitor has failed to file said lien in the prothonotary's office within the time provided by law, such proceedings, authorizing the improvement, and any municipal claim or lien filed therefor, are hereby validated and made binding for the amount justly and equitably due and payable on account of such grading, paving and curbing." The specifications of error are dismissed.

The judgments in the appeals Nos. 56 and 57, April Term, 1923, are affirmed.