### Boro. of New Wilmington v. Estate of Emma B. Sinclair et al.

Argued April 21, 1932.

Before Trexler, P. J., Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. N. Martin,* and with him *Norman A. Martin* of *Martin and Martin,* for appellant.

*William McElwee, Jr.,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

On March 9, 1926, the Borough of New Wilmington filed a claim for grading, paving and curbing against a parcel of land owned by the Estate of Emma B. Sinclair and C. C. McCrumb. By deed dated September 14, 1927, duly recorded, the land was conveyed to Jessie C. McCrumb. On July 2, 1931 a scire facias was issued on the lien. Five years had elapsed and under the act of May 16, 1923, P. L. 207 the lien was lost. An affidavit of defense was filed and the borough to sustain the validity of the scire facias pleaded the act

of June 12, 1931, P. L. 559, which authorized boroughs, within three months after its approval, to sue out writs of scire facias on certain municipal claims, where more than five years had elapsed since said claims were filed. The only exceptions in the act were (a) where there had been a transfer of such property after the lien was lost and (b) that the priority of the lien of any mortgage or other lien which gained priority because of the failure of the borough to sue out the writ of scire facias within five years, or was entered of record during the time the lien was lost should not be affected. None of the exceptions apply to the present case, so the only question before us is whether the act is constitutional. The court below held that it was and sustained the scire facias. Appellant argues that the act is invalid because it is special legislation in that it applies to municipal claims in boroughs as distinguished from municipal claims generally, and in support of this position cites a number of cases wherein certain classifications of cities were held to be special legislation, but these cases are not pertinent, for we are dealing with a borough not a city. Boroughs have in repeated instances been regarded as a class apart from other municipal divisions, and legislation applying only to them has been frequent. The courts have sustained validating acts applying solely to them, in numerous instances to some of which we now refer, citing the acts and cases sustaining them. The act of May 28, 1915, P. L. 610, gave boroughs the right to collect municipal claims although there was a non compliance with the act of June 4, 1901, P. L. 366, in that the lien was not filed within six months. Towanda Borough v. Fell, 69 Pa. Superior Ct. 468. Act of May 8, 1919, P. L. 137, validating claims of boroughs where there was no recording of the ordinance as required by law. Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469. Act of May 12, 1921, P. L. 545, curing

all defects in proceedings on borough claims. East McKeesport Borough v. Thomas P. Heirs, 81 Pa. Superior Ct. 604; Borough of West Newton v. Scholl, 82 Pa. Superior Ct. 1. Act of May 12, 1925, P. L. 575 validating proceedings in boroughs and the liens filed. Cresson Borough v. Seeds, 286 Pa. 288.

The lower court had abundant authority for holding that the act in question is constitutional. We affirm the judgment.