## In re West Pike Street

*C. H. Ruhl*, for petitioner.

*John W. Speicher*, city solicitor, and *William McK. Rutter*, assistant city solicitor, contra.

MAYS, J., October 6, 1933.—On September 15, 1926, the council of the City of Reading passed an ordinance authorizing the grading of West Pike Street between Front and Weiser Streets. Work was completed on May 14, 1927. On July 11, 1927, the City of Reading presented its petition to this court praying for the appointment of viewers to assess benefits accruing to the property owners along the line of said grading. On September 20, 1927, George F. Meharg, Thomas DeMoss, and E. J. Morris were appointed. On December 23, 1927, said viewers filed their report assessing benefits against the premises of petitioners herein of $2,332.75. On January 23, 1928, the petitioners appealed from said award. On December 14, 1932, Berks County Trust Company, executor and trustee under the will of William Kline, deceased, for Emma C. Bussom and Mary A. Harbster, and Harry H. Kline and J. William Kline, heirs and devisees of said William Kline, filed their petition and obtained a rule on the City of Reading to show cause why the report should not be stricken from the records of the court, and the assessment for benefits upon the premises of the petitioners vacated and set aside, and the premises discharged from the lien on account thereof. On January 9, 1933, the City of Reading filed its answer. The case is now before us on said petition and answer.

The petition to strike from the records the report of the viewers avers, inter alia: "That said report was not filed within 3 months, as provided in said Act of May 27, 1919, P. L. 310, and that the time for filing the report beyond the

period of 3 months was not extended by the court as provided for by said act." The petitioners contend that the case of East Lake Road and Payne Avenue, 309 Pa. 327, is decisive of the instant case. This would be so but for the Act of June 2, 1933, P. L. 1429, entitled: "An act to validate certain proceedings for municipal improvements, municipal assessments, municipal claims, and municipal liens, in the several cities of the third class, boroughs, and townships of the first class of this Commonwealth, and validating such improvements, assessments, claims, and liens; providing for the filing of claims and liens therefor, and the proceedings for the collection of such assessments, claims, and liens."

Section 1 of said act provides, inter alia: "That whenever heretofore the council of any city of the third class . . . has authorized, by ordinance, the grading, curbing, guttering, paving, or macadamizing . . . of any public street . . . and has caused such improvement to be made, and, in such ordinance, has authorized . . . the assessment of benefits upon the property benefited thereby, . . . or whenever heretofore the council of any city of the third class . . . has required by ordinance, and caused to be made, graded, paved, curbed, or macadamized . . . or otherwise improved any public street . . . and has, by ordinance, provided for the assessment against abutting property owners of benefits for such improvement, but . . . because of irregularity or error in the appointment of viewers to assess benefits against property abutting along the line of improvement, or because of the neglect of viewers appointed to assess damages and benefits caused or accruing as a result thereof to file their report within the time required by law for the filing thereof, . . . or for any other reason, the costs of such improvement or portion thereof were not or cannot be legally assessed upon the property bounding or abutting on the street or part thereof improved, or . . . payment thereof cannot be enforced, . . . such proceedings and the assessments made pursuant to such proceedings . . . shall be valid and binding . . . and all such benefits, and all assessments heretofore made or determined are hereby ratified, confirmed and validated. . . . Such assessment or other assessment heretofore made, or hereafter made in proceedings now pending, within the time limitations specified in this act, shall be a lien upon the property assessed; and any lien heretofore filed for benefits assessed or for the cost of such improvement or any part thereof, although the report of the viewers assessing the same was not filed within the time required by law for the filing thereof, is hereby made valid and binding with the same force and effect as though such report was filed within the time required by law for filing the same. The lien shall date from the completion of the improvement for which the assessment is made, whether the work was completed through one or several operations or contracts, or from the date of filing the same, and shall remain a lien until fully paid and satisfied".

The legislature has the power to legislate retrospectively in all matters not penal, not in violation of contracts, and not forbidden by the Constitution; and can act directly on individual rights: Weister et al. v. Hade et al., School Directors, 52 Pa. 474.

The courts have sustained validating acts, even though they have applied solely to a borough or city, in numerous instances, to some of which we now refer, citing the acts and cases sustaining them. The Act of May 28, 1915, P. L. 610, gave boroughs the right to collect municipal claims although there was a noncompliance with the Act of June 4, 1901, P. L. 364, in that the lien was not filed within 6 months: Towanda Borough v. Fell, 69 Pa. Superior Ct. 468. The Act of May 8, 1919, P. L. 137, validated claims of boroughs where there was no recording of the ordinance as required by law: Huntingdon Borough v.

Dorris, 78 Pa. Superior Ct. 469. The Act of May 12, 1921, P. L. 545, cured all defects in proceedings on borough claims: East McKeesport Borough v. Thomas Park Heirs et al., 81 Pa. Superior Ct. 604; West Newton Borough v. Scholl, 82 Pa. Superior Ct. 1. The Act of May 12, 1925, P. L. 572, cured the defect of failure to give 5 days' notice to property owners of assessment for city paving lien and any other defects or defaults with reference to notice and filing of lien: Chester City v. Pennsylvania Military College, 22 Del. Co. 64. The Act of May 12, 1925, P. L. 575, validated proceedings in boroughs and the liens filed: Cresson Borough v. Seeds, 286 Pa. 288. The Act of June 12, 1931, P. L. 559, authorized boroughs to sue out writs of sci. fa. on certain municipal claims where more than 5 years had elapsed since the filing of the original claims.

And now, to wit, October 6, 1933, the rule to show cause is discharged.

From Charles K. Derr, Reading, Penna.