# In re Paving of Thirty-fourth Street

*Charles P. Hewes*, for petitioner.

*S. L. Gilson, J. B. Held* and *E. M. Murphy*, for respondent.

HIRT, J., January 23, 1934.—Viewers were appointed on December 23, 1926, to assess benefits and damages following the paving of Thirty-fourth Street in this city. They, however, did not comply with the Act of May 27, 1919, P. L. 310: East Lake Road and Payne Avenue, 309 Pa. 327; in that their report was not filed until more than 3 months after their appointment; but, when filed, the report was confirmed nisi on June 27, 1927, and absolutely on August 8, 1927. The executors of the estate of Charles H. Runser, deceased, the owner of land against which benefits were assessed, now ask the court to set aside the report of the viewers and the order of confirmation, for the reason that the report was not filed within the statutory period.

Before argument on the rule granted on this motion, the Act of June 2, 1933, P. L. 1429, was passed, which provides, in part: "Whenever heretofore the council of any city of the third class or of any borough, or the board of commissioners of any township of the first class, of this Commonwealth has required by ordinance, and caused to be made, graded, paved, curbed, or macadamized with brick, stone, or other suitable material, or otherwise improved any public street or thoroughfare . . . but owing to some defect in the petition, action of council or of the board of commissioners . . . or because of irregularity or

error in the appointment of viewers to assess benefits against property abutting along the line of improvement, or because of the neglect of viewers appointed to assess damages and benefits caused or accruing as a result thereof to file their report within the time required by law for the filing thereof . . . now, by this act, such improvements are made valid . . . and all assessments heretofore made or determined are hereby ratified, confirmed and validated . . . and any lien heretofore filed for benefits assessed or for the cost of such improvement or any part thereof, although the report of the viewers assessing the same was not filed within the time required by law for the filing thereof, is hereby made valid and binding with the same force and effect as though such report was filed within the time required by law for filing the same."

Whether this statute validates the report of the viewers filed more than 3 months after the day of their appointment is the controlling question raised by the present rule.

On behalf of the complaining property owner, it is contended that this validating act of assembly is inapplicable and inoperative by reason of the exception in section 3 of said act, which is as follows:

"The claim, when so filed, shall be proceeded upon for collection by writ of scire facias: Provided, That this act shall not apply to any proceeding, suit, or lien wherein a final order or judgment of any court of record has already been made or entered."

A viewers' report becomes conclusive as to assessments when confirmed absolutely, unless an appeal is taken, and an order of absolute confirmation of a viewers' report is a final order determining the assessments of benefits and damages. We would agree with the contention that a confirmation of the viewers' report is a final order, within the exception of the validating act, were it not for the manifest intention of the act to the contrary. The provision of the act validating the report of viewers, filed after the statutory period, would be meaningless if, by the same act, the report, by confirmation, is to be rendered invalid. If this were intended, the report would have validity only during the period of exceptions but not thereafter. We cannot believe that this was intended. The provisions of section 3, limiting the operation of the act, apparently have to do only with proceedings for the collection of claims; it indicates a method of procedure for the future and, in the same sentence, excepts from the operation of the act proceedings or suits upon claims and liens wherein final orders or judgments have been entered. In our opinion, the exception has no application to a final order confirming a viewers' report.

The validating Act of 1933, supra, is similar to other statutes which have been declared to be constitutional and a proper exercise of legislative function. "The charge for municipal improvements is in the nature of a tax, and the equitable right to contribution from the property benefited survives, though the remedy be lost through a defect in the proceedings. The legislature may provide a new remedy, and, in doing so, is but exercising its powers to tax, and does not violate any constitutional right.

"Proceedings to establish charges in the nature of a tax are proceedings in rem, and omission of some detail of procedure does not establish in the owner of the property a vested defense available against a validating statute": Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469.

"Broadly stated the doctrine is that he who was never bound legally or equitably cannot have a demand created against him by mere legislative action" but "the legislature may provide a new remedy and in so doing there is no deprivation of a constitutional right. It is but the exercise of the taxing power":

680

Huntingdon Borough v. Dorris, supra; West Newton Borough v. Scholl, 82 Pa. Superior Ct. 1. "The courts have sustained validating acts applying solely to them, in numerous instances to some of which we now refer, citing the acts and cases sustaining them. The Act of May 28, 1915, P. L. 610, gave boroughs the right to collect municipal claims although there was a non compliance with the act of June 4, 1901, P. L. 364, in that the lien was not filed within six months. Towanda Borough v. Fell, 69 Pa. Superior Ct. 468. Act of May 8, 1919, P. L. 137, validating claims of boroughs where there was no recording of the ordinance as required by law. Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469. Act of May 12, 1921, P. L. 545, curing all defects in proceedings on borough claims. East McKeesport Borough v. Thomas P. Heirs, 81 Pa. Superior Ct. 604; Borough of West Newton v. Scholl, 82 Pa. Superior Ct. 1. Act of May 12, 1925, P. L. 575, validating proceedings in boroughs and the liens filed. Cresson Borough v. Seeds, 286 Pa. 288": New Wilmington Borough v. Estate of Emma B. Sinclair, 105 Pa. Superior Ct. 331,333.

And now, to wit, January 23, 1934, the rule granted December 27, 1932, on the motion of the executors of Charles H. Runser, deceased, to set aside the viewers' report, is discharged.                    From Otto Herbst, Erie, Pa.