## Continental Rubber Works, etc., v. Erie

*S. Y. Rossiter*, for plaintiff.

*E. M. Murphy*, city solicitor, and *Henry R. Jeffs*, assistant city solicitor, for defendant.

HIRT, J., April 16, 1935.—This case is before the court on a statutory demurrer to a part of plaintiff's claim as follows:

The City of Erie on March 8, 1928, issued 86 certificates of indebtedness for the payment of sewer improvements and delivered the same to the contractor; on December 7, 1929, the city similarly issued 16 certificates of indebtedness for certain other sewer improvements. Each of said certificates or bonds is in the denomination of $500, payable with interest at the rate of 6 percent per annum, and all of them are identical in form. Each of them provides that the City of Erie is indebted to the contractor in the sum of $500 with interest, the amount due the contractor for the construction of the sanitary sewer described therein; that the certificate is negotiable and transferable, "not liable to any defense which said city may have against said contractor", and "is payable from the assessments made, or to be made, upon the abutting properties when sufficient thereof have been collected; provided that in case said city fails to or cannot collect the said assessments from any cause whatsoever or the same are insufficient, the said city after the expiration of three years from the completion of said improvement (or prior thereto as provided in said Ordinance) will pay the amount or bal-

ance due on this Certificate from the 'Improvement Fund' for said city."

It is agreed that liens were duly filed by the city and proper sci. fas. issued to revive the same and that the total amount of the assessments was, at the time, sufficient to pay all sewer certificates which were issued on each of the improvements, together with interest. It is also agreed that the city has not collected the amount of the liens entered against the property abutting the improvements and that the plaintiff is a bona fide holder of the aforesaid certificates before maturity. It is further agreed that there is no question of fact for a jury as to this part of plaintiff's claim and that the extent of the city's liability on the above bonds shall be determined as a matter of law, and judgment entered accordingly.

It will be observed from the language of the certificate issued by the city that though each of the certificates is payable from assessments made upon the abutting properties yet there is no provision that the bonds shall be payable only out of the assessments but, on the contrary, the city specifically obligated itself to pay these bonds after the expiration of 3 years from the completion of the improvement in the event that the assessments "from any cause whatsoever" were not collected. In our opinion, therefore, these certificates, by their terms, after the lapse of the period of 3 years from the completion of the improvement, became the enforcible obligation of the city regardless of whether the city has been diligent in the collection of the liens entered against property abutting the improvement, for, by the terms of the bonds, the city unconditionally promised to pay after 3 years.

We are also of the opinion that these obligations are not in violation of article IX, sec. 10 of the Constitution of the Commonwealth which provides: "Any county, township, school district or other municipality incurring any indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal thereof within thirty years."

As in Dale v. City of Scranton, 231 Pa. 604, provision was made for the payment of the certificates out of assessments adequate in amount against abutting land. The expense of a public improvement assessed against property benefited is an exercise of the power of taxation: Towanda Borough v. Fell, 69 Pa. Superior Ct. 468. "Taxes, in their specific sense, are burdens laid directly upon persons or property and include . . . special assessments laid on the property specially benefited by a local improvement in proportion to the benefit, for the purpose of defraying the cost of the improvement": 19 R. C. L. 947, par. 246. "The legislature may confer upon municipal corporations the power of assessing the cost of local improvements upon the properties benefited. This is a species of taxation": Hammett v. Philadelphia, 65 Pa. 146. "The charge for municipal improvements is in the nature of a tax": Borough of Huntingdon v. Dorris, 78 Pa. Superior Ct. 469. "Assessments for the construction of sewers and original grading and paving of streets, etc., have always been regarded as a species of taxation": Murdoch v. Pittsburg (No. 1), 223 Pa. 280.

We are, therefore, of the opinion that plaintiff is entitled to judgment for the amount of the sewer bonds, with interest; as to the paving bonds, questions of fact are involved and as to that part of plaintiff's claim the issues are for a jury.

It is admitted that one of the sewer certificates upon which this suit is brought has been paid and that the amount due on the remaining certificates, dated March 8, 1928, is $42,500, with $18,119.17 interest to this date, and that the amount due on the certificates dated December 7, 1926, is $8,000, with $4,012 in interest, a total of $72,-631.17.

And now, to wit, April 16, 1935, defendant's statutory demurrer filed April 15, 1935, is overruled and judgment is directed to be entered in favor of the plaintiff and against the defendant in the sum of $72,631.17 in satisfaction of its claim upon sewer bonds of the City of Erie

alleged in the third and fourth paragraphs of plaintiff's statement of claim. As to the remainder of plaintiff's claim, leave is granted defendant to file its affidavit of defense to the merits sec. leg.