103 250
140 638

103　　250
19 SC 124

103　　250
e 22 SC 154

103　　250
23 SC 357

103　250
40 SC²292

# In re Road in Salem Township.

1. Under the Act of April 1st 1874 (Purd. 1873, pl. 21) a writ of certiorari to a court of quarter sessions, in the matter of the proceedings to vacate and relocate a township road, must be taken within two years from the date of the confirmation of the report of the viewers appointed by the court. A writ taken more than two years from such date will be quashed.

2. A petition to vacate and relocate a road in Luzerne county was presented to the court of quarter sessions, and the viewers ordered to make return at May sessions, 1878, at which time the order was duly continued until September sessions following, which sessions extended through a fixed period, ending September 14th. No return was made at the September sessions, nor any continuance asked for, but on September 16th, at an adjourned session, the following order was granted. "Now, September 16th 1878, on motion, the return of viewers in this case is continued until next sessions, and the above order is filed at this time with the same effect as though filed on the first day of last term." The next sessions, being in December following, the return of the viewers was duly filed and was confirmed January 24th 1879. On April 18th 1881, a rule was granted to show cause why the proceedings should not be set aside on the ground of the invalidity of the order of September 16th 1878, under the Act of June 13th 1836 (P. L. 555) requiring the return of viewers in such cases to be made or a continuance granted, at the next term after their appointment. This rule was discharged by the court ; and a certiorari was taken more than two years after the confirmation of the viewers' return :

*Held*, that the order of September 16th 1878, having been made after the end of the September sessions, was invalid, although made at an adjourned session and stated to have the same effect as if made at said September sessions ; but that the certiorari being taken too late under the Act of April 1st 1874, the writ must be quashed.

April 9th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Certiorari to the Court of Quarter Sessions of *Luzerne county :* Of January Term 1882, No. 25.

The record showed the following facts :—On April 15th 1878 a petition was presented to the Court of Quarter Sessions of Luzerne county asking to have about two miles of a certain road in Salem township, running to the Columbia county line, vacated.

Viewers were appointed and an order to view made by the court, returnable to the next May sessions. At said sessions, on motion, the order was continued to the following September sessions, which was a fixed period beginning on the second and ending on the fourteenth of that month.

The report of the viewers was not then presented nor any order made continuing the time for presenting it. But on the next Monday, to wit, September 16th 1878, at an adjourned session of the court the following order was made :

[In re Road.]

"Now, 16th September 1878, on motion, the return of viewers in this case is continued until next sessions, and the above order is filed at this time with same effect as though made on the first day of the last term." During the following December sessions the report of the viewers was filed, vacating and re-laying the road in dispute ; and at the January sessions of 1879, to wit, January 24th, their report was confirmed by the court, and the width of the road established.

On April 18th 1881, upon the filing of a petition and affidavit, a rule was granted to show cause why this confirmation should not be stricken off, alleging inter alia, the invalidity of the order of September 16th 1878.

The court on July 12th 1881, discharged this rule, WOODWARD, J., delivering the opinion ; and October 12th following this writ of certiorari was taken, the discharging of said rule, and the order of the court of September 16th 1878, being assigned for error.

Before the supreme court the counsel for the defendant in error moved to quash the writ of certiorari, on the ground that it was void under the Act of April 1st 1874 (P. L. 50), which limits the time for taking writs of error, appeal and certiorari to two years.

*Q. A. Gates*, for plaintiffs in error.—As was said by this court in Springbrook Road, 64 Pa. St. 451, " By the 3d section of the ' Act relating to roads, highways and bridges,' passed June 13th 1836, P. L. 555 ; viewers of roads are required to make report to the next term of the court after that at which they are appointed ; and it has been decided that a report made and confirmed at a succeeding term or an adjourned court may be set aside : Stauffer's Appeal, 1 Am. Law Reg. 441 ; Boyer's Road, 1 Wr. 257 ; Heidelburg Township Road, 11 Id. 536. The Act of February 24th 1845, P. L. 52, which makes certain changes in the general road law in the county of Luzerne and other counties therein named, leaves this point unaltered." September Term 1878, by rule of court, ended on the fourteenth day of said month, and the fact that it so ended, is recognized by the court in the wording of the order of September 16th 1878, as follows : " And the above order is filed at this time, with the same effect as though filed on the first day of the last term." After September 14th 1878, the order to viewers was dead, and the court had no more jurisdiction of the proceedings. As to the motion to quash, the proceedings being void for want of jurisdiction no statute of limitations applies : People *v.* Kniskern, 54 N. Y. 52 ; Scott *v.* Noble, 22 P. F. S. 115 ; Graver *v.* Fehr, 8 Norris

460 ; Borough of Little Meadows, 28 Pa. St. 256 ; 2 Dillon on Corporations 469–470.

*J. P. Hand*, for defendants in error.—This writ should be quashed. It is taken to correct the alleged errors in the record of a road case, upon which a final confirmation or judgment was entered January 24th 1879, while the certiorari was taken October 12th 1881. The Act of April 1st 1874, P. L. 50, expressly limits the time for taking writs of error, appeal and certiorari to two years, and prohibits the avoiding or reversing for any defect or error in any judgment or decree, unless the certiorari shall have been taken within two years after such judgment shall be entered, or decree pronounced : Pennsylvania Central Insurance Co. *v.* Gaus, 10 Norris 103; Young's Petition, 9 Barr 215. The minutes of the court show the following : " Now, Friday, 13th September .1878. Court met pursuant to adjournment ; present, Hon. John Handley, A. L. J. Court adjourned until 9 A. M. Monday next." This Monday was the 16th September 1878, and the day when the order of continuance complained of in the first assignment of error was obtained. The petitioners for this road had the right to suppose the court would be in session on the 14th of September. It was not, and on the very first opportunity, namely, Monday, the 16th of September, the order to view was continued and docketed. Should we admit that the order was continued after the regular term was ended, still we believe it is within the exception suggested by the court in Road to Ewing's Mill, 8 Casey 284 : " No order or decree made nunc pro tunc, can have any validity, except, perhaps, it may be under some circumstances, to preserve the regularity of the continuance of unexecuted orders to view." Authority for making the order of September 16th 1878, is found in the case of Springbrook Road, 14 P. F. S. 452.

Mr. Justice STERRETT delivered the opinion of the court, April 30th 1883.

The jurisdiction of the Court of Quarter Sessions in road cases is purely statutory, and hence the mode of proceeding prescribed by the law should be strictly pursued, especially in all matters that are intended to affect individuals or the general public with notice. The third section of the general road law of 1836 requires the viewers to make their report at the next term or session of the court after their appointment. The object of this requirement is neither doubtful nor unimportant. As has been repeatedly intimated, the Act means just what it says. It was intended to fix definitely a time when all parties interested may have an opportunity of examining the report with

[In re Road.]

the view of excepting thereto, or taking such other action as may be deemed necessary. If for any sufficient reason the report cannot be made to the next term, the proper course is to continue the order to view and make it returnable to the next succeeding term ; but this must be done before the order has expired, that is, before or during the session of court to which it is returnable. If that term is permitted to pass without the presentation of the report, or an order extending the time for making the same, the order to view becomes, ipso facto, inoperative, and with it the authority of the viewers ceases. The court itself has no power subsequently, by a nunc pro tunc order or otherwise, to resuscitate the defunct order to view. If anything further is attempted it must be done by proceeding de novo.

In the case before us, the order was returnable to May sessions 1878, but during that term, and doubtless for reasons satisfactory to the court, it was extended and made returnable to September sessions, which was a fixed period of two weeks ending on the 14th of that month. The report of viewers was not then presented, nor was there any order extending the time for making it. On the following Monday, however, at an adjourned session of the court, the following order was made for the purpose of infusing new life into the already defunct order to view, viz.: " Sept. 16th 1878, on motion, the return of viewers in this case is continued until next sessions, and the above order is filed at this time with the same effect as though filed on the first day of last term." The fact that the term, at which the report should have been presented, had passed, and an adjourned court was then being held, is distinctly recognized in the nunc pro tunc order by which it was sought to revive a process, which had expired by its own limitation.

In making that order, receiving the report of the viewers and subsequently confirming the same on January 24th 1874, there was manifest error; but, have we the power to correct it on certiorari issued more than two years thereafter ? We are asked to quash the writ because it was not sued out within the two years required by the Act of April 1st 1874, Purd. 1873, pl. 1. That Act, with two or three unimportant verbal alterations and change of time from seven to two years, within which appeals, writs of error and certiorari may be effectually taken, is a re-enactment of the statute of 1791 ; and we have no doubt cases like the present are within its purview. The language of the Act, " any judgment, in any real, personal or mixed action," was evidently used in the comprehensive and not in the narrow or restricted sense of the words employed. The word " judgment " was doubtless intended to embrace not only judgments, strictly so called, but also definitive decrees and orders in the

[In re Road.]

nature of judgments. The word "action" is also to be understood in its comprehensive rather than in its strictly technical sense. The writ of certiorari was not specifically mentioned in the Act of 1791, as it is in the Act of 1874; and in Young's Petition, 9 Barr 215, it was contended that such writs were not even within the purview of the Act, and therefore, unlimited as to time. That was a proceeding by petition in the common pleas to prove a contract for the conveyance of land against the executors of a decedent. From the decree entered in favor of the petitioner in 1828, an appeal was taken and certiorari issued to bring up the record more than seven years thereafter. A motion was made to quash on the ground, 1st, that there was no allocatur, and 2d, that more than seven years had elapsed since the decree. In sustaining the motion on the second ground Mr. Justice ROGERS said: "This proceeding, it is true, does not come within the letter, but it certainly does within the spirit of the Act. The object of the Act is to limit the time when a party shall be permitted to review a judgment or decree of a subordinate court. This object would in a measure be defeated if this court would be at liberty to reverse a decree merely because the proceedings had been removed by certiorari and not by writ of error. The only effect of the certiorari in this case is to remove the proceeding for the inspection of the court. In substance it is an appeal from the decision of the common pleas, a proceeding to obtain a rehearing on the merits, and as such, it unquestionably comes within the true intent and meaning of the Act of April 1791, which prohibits this court from reversing proceedings after seven years. . . . The Act of Limitations, as well to writs of error or certiorari as in other cases, is a most beneficial statute, being a statute of repose, and absolutely necessary to quiet titles."

Neither the proceeding nor the writ in that case was within the letter of the Act, but both were very properly held to be within its spirit. In re-enacting the statute in 1874, and including therein writs of certiorari, the legislature doubtless intended that it should receive the same liberal construction that had theretofore been given to it. By ignoring the spirit of the Act and giving to the words employed a strictly literal construction, proceedings which have heretofore been regarded as within its purview would be excluded from its operation.

We are of opinion that the case is clearly within the statute, limiting writs of error, certiorari, etc., and hence we are powerless to correct the error justly complained of, and the motion to quash must prevail.

Writ of certiorari quashed.