The Appeal of the Land Title & Trust Company, substituted trustee under the will of Samuel P. Shoch, deceased.

*Road law—Report of viewers—Time allowed for filing.*

Reports of viewers in Philadelphia must be filed within three months unless the time be extended by the court.

Viewers having finished and signed their report within the statutory period neglected to file same until after its expiration. The court reappointed the jury nunc pro tunc for a period of three months, whereupon the jury, without being resworn or taking any other action, filed their old report. *Held*, That the proceedings were dead before the order of the court continuing the jury nunc pro tunc was made, and could not be revived. The case is ruled by Salem Township Road, 103 Pa. 250.

Argued Dec. 17, 1896. Appeal, No. 73, Nov. T., 1896, by Land Title & Trust Co., trustee from decree of Q. S., Phila. Co., Jan. T., 1893, Court No. 2, confirming the report of the viewers in the matter of the opening of Allegheny avenue, from Second street to Germantown avenue. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Exceptions to report of jury of view in the matter of opening Allegheny avenue.

The facts sufficiently appear in the opinion of the Superior Court.

The court below dismissed the exceptions and confirmed the report of the jury.

*Errors assigned* were, (1–6) to the order of the court in dismissing exceptions to the report of the jury.

*M. Hampton Todd* for appellant.—It is not in the power of the court to approve a report of viewers nunc pro tunc and immediately to issue an order to open: Road to Ewing's Mill, 32 Pa. 282.

The report of road viewers must be made at the next term of court after the order is taken out and presented for approval: Chartiers Township Road, 48 Pa. 314; Salem Township Road, 103 Pa. 250.

The authority of road viewers is limited by the terms of the order directed to them, and when they exceed their authority their report must be set aside. Road in Hempfield Township, 122 Pa. 439.

*Francis L. Wayland,* assistant city solicitor, with him *George E. Fili,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellee.—It was clearly within the power of the court to make the order extending the time for the report of the jury nunc pro tunc: Worth St., 5 Dist. Rep. 231.

OPINION BY WICKHAM, J., January 18, 1897:

On July 10, 1893 viewers were appointed, by the court below, under section 7 of the act of April 21, 1855, P. L. 264, to assess damages and benefits caused by the opening of Allegheny avenue in the city of Philadelphia.

· By the act of March 16, 1866, P. L. 224, it is required that such viewers are to possess " the same qualifications, and to have the like powers and perform the like duties as is provided by the general laws of this Commonwealth."

In accordance with the authority conferred by the act of June 6, 1873, (P. L. 1874) 407, the court from time to time extended the powers of the viewers, the last order of extension having been made on February 25, 1895. It gave the viewers three months, from and after February 28, 1895, wherein to file their report. By the terms of the act of 1873, the viewers were bound to file their report within three months after their appointment, unless allowed further time by the court. The longest single period of extension permitted by the act is three months.

On March 26, 1895, the viewers reached their final conclusions, and prepared and signed their report setting forth the same. They neglected, however, to file it within the time fixed by the extending order of February 25, 1895, and on June 12, 1895, the court made the following order in the premises, viz : " It is ordered, adjudged and decreed that the said jury be reappointed and continued nunc pro tunc, for a period of three months." On June 19, 1895, the report which, on its face, shows that it was prepared on March 26 of the same year was filed. It further shows that the viewers when it was made up were acting under the oath administered to them on Decem-

ber 11, 1893.   It is and must be conceded, as a matter of fact, that they never were resworn, and that all they did after the making of the nunc pro tunc order was to file the report.   The order was evidently intended to enable them to do that and nothing more.   It was given the effect of a mere continuance and not of a reappointment.   This fully appears from what the viewers did, and did not, do.

Had the court power to make such an order?   Whether we look at the general road laws or the act of 1873, we are satisfied it had not.   The proceedings were dead before that order was made and could not be revived.   The decision in Road in Salem Township, 103 Pa. 250, which is fully applicable here, precludes any other conclusion.   It is unnecessary to dwell further on the matter, nor need we pass on the appellant's remaining objections, as the one just considered is fatal.

The decree is reversed, the proceedings set aside and the appellee directed to pay the costs.