East Lake Road and Payne Ave.

Argued September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. M. Sherwin,* with him *W. S. Carroll, A. Grant Walker, Reed & Spofford, L. E. Torry, Bryan & Evans,* and *P. V. Gifford,* for appellant.—The statute is mandatory by its very words and forms a condition precedent

to the validity of any report filed pursuant to the proceedings in question.

The commands of a statute are mandatory: Singer v. R. R., 254 Pa. 502; Wise v. Boro., 262 Pa. 139; Harris v. Mercur, 202 Pa. 313; Frankstown Twp. Road, 26 Pa. 472; State-Aid Highway, 4 Pa. D. & C. 702; Heidelberg Twp. Road, 47 Pa. 536; Manheim Twp. Road, 80 Pa. Superior Ct. 581; Salem Twp. Road, 103 Pa. 250; Sewickley Twp. Road, 26 Pa. Superior Ct. 572; Steigler v. Petitioners, 105 Pa. Superior Ct. 66; Baldwin and Snowden Road, 3 Grant 62.

Where a statutory lien is proposed to be placed upon the property of defendant, every requirement of the statute must be strictly complied with, otherwise the whole proceeding is void: Scranton Sewer, 213 Pa. 4; Wilson v. Allegheny, 79 Pa. 272; Hershberger v. Pittsburgh, 115 Pa. 78; Meadville v. Dickson, 129 Pa. 7; Morewood Ave., 159 Pa. 39; Waynesburg v. Ray, 59 Pa. Superior Ct. 640.

*Edward M. Murphy,* for appellee.—The statute is directory, and might be complied with after the prescribed time: Com. v. Griest, 196 Pa. 396; Magee v. Com., 46 Pa. 358; Erie v. Willis, 26 Pa. Superior Ct. 459; Pittsburgh v. Coursin, 74 Pa. 400; Phila. v. Crew-Levick Co., 278 Pa. 218; Phila. v. Linsay, 285 Pa. 207; Phila. v. Mfg. Co., 286 Pa. 1.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

In proceedings to assess benefits and damages for opening, widening, and paving streets, article XIV, section 6, of the Act of June 27, 1913, P. L. 568, as amended by section 35 of the Act of May 27, 1919, P. L. 310, states: "The viewers provided for in the foregoing sections of this article may be appointed before or at any time within six years after the entry, taking, appropriation, or injury,......and......the report of said viewers...... shall be filed within three months from the date of their

appointment unless the time for so doing shall be extended by the court,—any party may, within thirty days thereafter,......appeal......to the......court...... and shall......by......affidavit [state]......that the same is not taken for the purpose of delay......" The report of viewers was not filed within three months after their appointment and the question presented by this appeal is whether the report is for that reason void. The court below decided that the act was directory and sustained the report.

We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation: Singer v. D., L. & W. R. R. Co., 254 Pa. 502; Wise v. Cambridge Springs Boro., 262 Pa. 139; Harris v. Mercur, 202 Pa. 313; Field's App., 305 Pa. 125, 129. There are exceptions to the rule: it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time (Com. v. Hill, 185 Pa. 385); nor does it include the performance of a public duty, the neglect of which works general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty: Com. v. Griest, 196 Pa. 396, 416. However, where the act to be performed concerns vested rights, procedure, or other similar matters, such as the imposition of a lien or a charge against land, the statute is mandatory and its requirements must be strictly followed. See Wise v. Cambridge Springs Boro., supra; In re Road in Salem Twp., 103 Pa. 250; Harris v. Mercur, supra.

Here the nature of the action was to impose a charge for street benefits from widening and paving a street. The time designated in the act for the report to be filed was one of the essentials of the proceeding as it affected property owners. It was also part of an orderly pro-

cedure designated by the legislature to establish the legality of the lien. Its nonperformance had a grave tendency to imperil the rights of those affected, for after the time thus limited the act gave to such persons another limited period, thirty days, in which to appeal to the courts. If the provision relative to the time wherein the report was to be filed was directory, then as the Act of 1919 amended the Act of 1913 in this particular only, the later act was useless. If appellee's contention is correct, there is no limit to the time within which the report must be filed, and all that is necessary is to have viewers appointed within six years and after a hearing their report may be withheld indefinitely. It will be seen a property owner would be put to the hazard of having his land subjected to a secret or at least an uncertain lien (Western Penna. Ry. Co. v. Allegheny, 92 Pa. 100, 103; Scranton Sewer, 213 Pa. 4, 8); or of being placed in the unusually vigilant position of ascertaining, in the years following the viewers' hearing, the date the report might be filed. It is utterly illogical to suppose that the legislature intended such a result. It may as well be urged that the 30-day time within which an appeal can be taken to the courts was directory, and an appeal could be taken at any time. The same reasoning might then be applied to appeals to this court.

The act also defined the time within which the orderly conduct of the duties enjoined on the viewers should be completed. It prescribed a limitation on their powers, which were exhausted at the end of the three-month period unless the time was extended.

We have held in road cases under the Act of 1836 that a report of a road jury must be filed at the term of court which follows that in which the appointment of the viewers is made; if for any reason the report cannot be made at that term, a continuance should be asked for before the order has expired or during the session of court to which it is returnable. The reasons for this rule have been well stated in In re Road in Salem Twp.,

supra. See In re Manheim Twp. Road, 80 Pa. Superior Ct. 581.

In view of the procedural requirements of this act and of the great harm that might come to persons interested if it is neglected, we cannot follow the court below when it states that "Where a statute contains a provision as to the time when an act is to be performed......after that time, such provision is directory merely." To adopt this statement as a general rule would throw out of balance many acts where time from the very nature of the act is of its essence, particularly procedural acts. Moreover, such a holding would overrule the many decisions relating to the filing of a report in road cases under the Act of 1836, as that act contained no negative provision relating to the effect of a failure to file the report.

The court below cites Com. v. Griest, supra, as an authority to sustain its position, but the case is not in point. It was based on "impossibility of performance" which related to a public duty, while here either the viewers or the city could have had the time extended during the three months. It is clear, therefore, that the report was filed too late.

What we have said determines the main question adversely to the appellee, and the report of the viewers is stricken from the record. Following the usual practice, the other questions involved will not be discussed.

The judgment of the court below is reversed without prejudice to the right of the city to move if legal proceedings exist for the right.