## School Employes in Military Service

DUFF, Attorney General, September 1, 1944.—We have received your communication of April 12, 1944, in respect to school employes who have been absent from school employment duties by reason of having been in naval or military service and who have completed such military service but have failed to comply with the requirements of the Act of August 1, 1941, P. L. 708, 24 PS §2132a.

You ask if the Public School Employes' Retirement Board has authority under such circumstances to consider and approve requests for physical and mental ex-

aminations received more than 40 days, as required by section 13, par. 6, of the Act of 1941, supra, after the applicant has completed active military service. You also inquire whether the retirement board has authority to accept written elections, filed by school employes returning from military service later than 50 days, as required by section 13, par. 6, after the completion of such active military service.

Section 13, par. 6, of the Act of August 1, 1941, P. L. 708, adds clause 6 to section 13 of the Act of July 18, 1917, P. L. 1043, 24 PS §2132a, as follows:

"An employe, who shall have withdrawn from actual school employment or actual school service for active military service consisting of full time service in the armed forces of the United States under a requisition from, or by executive order of, the President of the United States, or in the armed forces organized for the defense of the Commonwealth of Pennsylvania by the authority of this Commonwealth, *may, after his or her return to actual school employment* or actual school service, *but not later than forty (40) days after the completion of such active military service, request the board for a physical and mental examination.* At a time and place within the Commonwealth and by an examiner or examiners to be designated by the board, the applicant shall appear for, and submit to, such examination. The form and content of the examination and the certificates made pursuant thereto shall be prescribed by the board, with the advice of the board's actuary and a physician or a psychiatrist to be employed by the board for that purpose. If the examiner or examiners shall find as a fact that such employe is free from physical or mental incapacity which renders him or is likely to render him incapable of performing the duties of his employment, the examiner or examiners shall so certify to the board, whereupon the board shall classify the applicant as a member free from active military service disability, and thereupon such member shall

become entitled to enjoy all the benefits of this act. *If the examiner or examiners shall find as a fact that such employe is physically or mentally incapacitated for the performance of the duties of the employment which he had when last in the actual employ* and service of his or her employer, *the examiner or examiners shall certify to the board the nature and degree of such physical or mental incapacity or disability,* whereupon *the board shall classify the applicant as a member with active military service disability, and thereupon such member may elect to accept the benefit of the provisions of section twelve* of this act or *the benefits of this act without disability rights,* and shall be classified by the board as an employe without disability rights. *Such election shall be in writing,* in form prescribed by the board, *and shall be filed with the board not later than fifty (50) days after the completion of such active military service.* All employes who shall have been engaged in active military service and who shall have returned to the employment or service of his or her employer without examination or certification shall be classified by the board as employes without disability rights. All persons classified as employes without disability rights shall enjoy all the rights incident to membership in the retirement system, except the right to retire for disability or upon disability and to receive a disability retirement allowance. Such member's salary deduction shall be reduced accordingly. The amount by which the salary deduction of an employe without disability rights to be paid into the fund shall be reduced shall be determined by the board in accordance with tables to be prepared and certified by the actuary." (Italics supplied.)

From the foregoing, it is apparent that a public school employe, after his or her return to actual school employment or actual school service, *but not later than 40 days* after the completion of such active military service, may request the Retirement Board for a physical and mental examination,

In respect to the right of an employe to make an election under this section, such election is to be made *not later than 50 days* after the completion of such active military service.

It should be clear that the words "but not later than" exclude all additional periods of time and are therefore mandatory. The phrase "not less than four weeks" has been held to be mandatory in Commonwealth ex rel. v. Brown, 210 Pa. 29 (1904). The general rule has been that, where a statute fixes a definite period during which an act must be performed, action thereafter will be ineffective since the time limit is mandatory: Harris v. Mercur (No. 1), 202 Pa. 313 (1902) ; Fayette County Commissioners' Petition, 289 Pa. 200 (1927) ; In re East Lake Road and Payne Ave., 309 Pa. 327 (1932). The conclusion above reached by the court and applicable to the present situation is that when the words of a law are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

Under the above rulings of courts and rules of interpretation as directed to be used in the interpretation of statutes by the legislature, it is impossible for this department to rule otherwise than that the time limits specified in the above clause of section 13 are mandatory even though in certain cases hardship may result. The remedy is one exclusively for the legislature.

We are of the opinion, therefore, and you are accordingly advised that the provisions contained in section 13, par. 6, of the Act of August 1, 1941, P. L. 708, 24 PS §2132a, in respect to the 40-day time limitation for the making of a request for a physical and mental examination, and the 50-day requirement for making an election in writing, are mandatory and cannot be changed or modified without legislative action.