# Franklin Estates, Inc. *v.* Equitable Gas Company, Appellant.

Argued May 27, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Edward S. Stiteler,* with him *John M. Horn,* and *Smith, Best & Horn,* for appellant.

*C. William Berger,* with him *Morris M. Berger, Bernard S. Shire,* and *Berger & Berger,* and *Ezerski & Shire,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 29, 1960:

Prior to December 21, 1956, the appellant, Equitable Gas Company [herein called Equitable], pursuant to the power of eminent domain conferred upon it by the Natural Gas Act of May 29, 1885, P. L. 29, 15 PS §2034, condemned a right of way to lay a 16-inch pipeline for the transportation of natural gas over and through a certain tract of land in Franklin Township, Westmoreland County, owned by the appellee, Franklin Estates, Inc. [herein called Franklin]. On December 21, 1956, the Court of Common Pleas of Westmore-

land County approved a bond tendered by Equitable to secure payment of any damages resulting from the appropriation of the said right of way.

Thereafter, on August 20, 1957, Franklin petitioned the Court of Common Pleas of Westmoreland County for the appointment of a board of viewers to view and assess damages to the property condemned. By order of court dated the same day, the court appointed appropriate persons to make the view and assessment of damages. This order provided: "Returnable the first Monday of ...... 1957".

After due notice to all parties, the viewers met on December 12, 1957 and examined the premises. Franklin and Equitable were in attendance by their counsel.

A hearing was held on May 28, 1958, in the courthouse in Greensburg, Westmoreland County, after due and proper notice to all parties. At that time the viewers heard all persons interested in the matter and their witnesses.

On November 6, 1958,—approximately eleven months after the return date specified in the original order had expired—, the board of viewers filed its report awarding Franklin $1200 in damages. On the same day, November 6, 1958, that report was confirmed nisi.

On December 2, 1958, twenty-six days later, Franklin filed a petition for an appeal from the award of the board of viewers. A motion to quash this appeal on the ground that it was tardy under the provisions of the Natural Gas Act, supra, was filed by Equitable on December 15, 1958. Franklin filed an answer thereto on January 2, 1959.

On March 16, 1959, the Court of Common Pleas of Westmoreland County convened to hear argument on Equitable's motion to quash Franklin's appeal from the viewers' report. The court made no disposition of

this motion because at that time Franklin presented a motion to strike the viewers' report and, at the suggestion of the court, the said motion was converted into a petition and rule to show cause why the viewers' report should not be stricken. The said rule was granted on May 8, 1959.

The grounds set forth by Franklin in its petition read as follows: "Since the commission granted to the Viewers by the aforesaid Order of Court had expired and had not been extended by further Order of court, the Board of Viewers was *coram non judice,* and the filing of the report a nullity for want of jurisdiction."

A hearing on the rule to show cause was held before the court en banc and on December 4, 1959, the opinion and decree of the court was filed striking the report of the board of viewers. From that decree this appeal is taken.

The Act of March 18, 1903, P. L. 28, §1, 26 PS §21 provides: "viewers, or juries of view, appointed by any court of this Commonwealth to assess the damages and benefits, due to the taking, injury or destruction of private property, in and by the construction or enlargement of any public work, highway or improvement, shall make their reports within a time which said court shall fix when so appointing them: Provided, that if any of the viewers, or juries of view, so appointed shall for any good and sufficient reason appearing to the court, be unable to file its report within the period so fixed, *the said court may, in its discretion, either before or after the expiration of the time fixed, extend the time for the filing of such report to such a time as justice and the circumstances of the case may demand.*" (Emphasis added)

In the present case, "good and sufficient reason" for the inability of the viewers to file their report within the period designated in the order appointing them

is apparent on the face of the record. The viewers did not meet to examine the premises until December 12, 1957, which was ten days after the time specified as a return date for their report. More than five months later, the viewers held a hearing in which both parties and their witnesses participated. At no time did anyone raise the question of tardiness on the viewers' part nor their authority to act. All parties apparently assumed that the viewers still had the authority to make an award and acted accordingly.

It was not until more than three months after the report had been confirmed nisi that Franklin raised any question as to the expiration of the authority of the board of viewers.

The Act of 1903, supra, grants the court discretion "either before *or after* the expiration of the time fixed," to extend the time for filing such a report "as justice and the circumstances of the case may demand." (Emphasis supplied.) The court below placed reliance on *In re Road in Salem Township*, 103 Pa. 250, and *East Lake Road and Payne Ave.*, 309 Pa. 327, 330, 163 A. 683. The former decision construed the Act of June 13th, 1836, P. L. 555 and the latter the Act of June 27, 1913, P. L. 568, as amended by the Act of May 27, 1919, P. L. 310: the provisions of these statutes so vary from the provisions of the statute under which this proceeding is undertaken that *Salem Township* and *East Lake Road* are inapposite herein.

It is true that no formal petition was ever filed with the court asking that the return date for the viewers' report be extended. However, the Act of 1903 does not require a petition, either by a party to the proceedings or the viewers themselves, since the court, *on its own motion*, may extend the time for filing the report.

No good reason appears of record for failing to extend the time for the filing of this report. Under the circumstances, it was an abuse of discretion for the court not to have entered an order extending the time for filing the viewers' report when the unseasonable expiration of that time came to its attention, even without the formal filing of a petition requesting such an order.

Decree reversed and record remanded with instructions to enter an appropriate order extending the time for the viewers' report and for disposition of Equitable's motion to quash Franklin's appeal from the viewers' award. Costs to abide the event.