## Borough of Norristown v. Commonwealth

*Walter E. Alessandroni*, Attorney General, and *William M. Gross*, Assistant Attorney General, for Commonwealth.

*Paul P. Wisler, Robert D. Myers; Rhoads, Sinon & Reader*, for appellee.

LIPSITT, J., March 7, 1966.—This matter is before the court on an appeal by the Commonwealth of Pennsylvania, Department of Health, from a decision of the Board of Finance and Revenue upholding a claim brought by the Borough of Norristown, Montgomery County, against the Commonwealth in the amount of $15,000. The claim of appellee is based upon the Act of

August 20, 1953, P. L. 1217, sec. 1, 35 PS §701, et seq., commonly referred to as Act No. 339, which provides for partial reimbursement to municipalities for the costs of operating sewage treatment plants constructed pursuant to the Clean Streams Act of June 22, 1937, P. L. 1987, 35 PS §691.1, et seq. The relevant facts have been stipulated and are discussed hereafter.

In 1955 and annually thereafter, to and including 1962, the Borough of Norristown filed with the Department of Health of the Commonwealth of Pennsylvania an instrument entitled "Application and Report for Payment by the Commonwealth of Pennsylvania Toward Construction of a Sewage Treatment Plant and Appurtenances". Each application sought a contribution from the Department of Health for operating the sewage treatment plant for the preceding year and, in accordance with the provisions of said Act No. 339, set forth the costs of the sewage treatment plant of the borough. The costs stated in the forms submitted in the years 1955 through 1962 for the years 1954 through 1961 were identical for each of said years and payments were made to the borough.

In November 1962, the Department of Health mailed to the Borough of Norristown forms for the year 1962, which were to be completed by the borough. On January 16, 1963, the Department mailed to the borough treasurer a letter calling to his attention the fact that if the borough were to be entitled to payment, the application would have to be filed with the department no later than January 31, 1963.

The borough's application and report were mailed to the department as shown by the postmark on February 4, 1963, and were received by the department on February 5, 1963. Prior to the latter date, no communication was received by the department from the borough indicating that the completed forms of the borough could not be filed by January 31, 1963.

During the year 1962, the borough constructed a new transformer substation in connection with its treatment plant, and the application for 1962 contained, in addition to the amounts included in previous years, the amount expended during the year 1962 for the plant addition.

The reason the application was not filed earlier (this is not in dispute) was because of the unexpected illness of the borough treasurer who had the responsibility of preparing it. On February 6, 1963, the department notified the borough that since it had not filed by January 31, 1963, it was ineligible for reimbursement.

On or about December 12, 1963, the borough presented to the Auditor General and the State Treasurer, sitting as the Board of Claims of the Commonwealth, a claim in the amount of $15,000, representing the amount of payment to which it was entitled on the basis of its 1962 costs. The Department of Health in its answer denied the borough's claim on the ground that the required application form was late in being filed. The claim was settled in favor of the borough on May 5, 1964. The Department of Health petitioned the Board of Finance and Revenue for review of the settlement made by the Board of Claims. The Board of Finance and Revenue, on December 14, 1964, entered an order sustaining the action of the Board of Claims in making the aforesaid settlement. On February 11, 1965, the Department of Health appealed to the Court of Common Pleas of Dauphin County.

The controversy centers on the proper interpretation of section 3 of the Act of August 20, 1953, P. L. 1217, 35 PS §703, which reads as follows:

"The amounts to be expended for any of the foregoing purposes shall be recommended by the Secretary of Health and approved by the Governor, in accordance with rules and regulations which the Department of Health is hereby authorized to promulgate, and *shall*

*be based upon reports filed with the Secretary of Health prior to the thirty-first day of January, one thousand nine hundred fifty-four, and annually thereafter, by the municipalities or municipality authorities entitled to receive such payments,* setting forth the amounts expended for the acquisition and construction of sewage treatment plants from the effective date of the act, approved the twenty-second day of June, one thousand nine hundred thirty-seven (Pamphlet Laws 1987), up to and including the thirty-first day of December of the preceding year". (Italics supplied).

The borough argues that in the years subsequent to 1954, the requirement that reports be filed "annually" means once a year, but does not signify any particular time of the year. Several cases outside of Pennsylvania are cited for this proposition, but there is no Pennsylvania authority which would sustain the interpretation: McMaster v. New York Life Ins. Co., 99 F. 856 (1899) ; Phillips Petroleum Co. v. Harnly, 348 S. W. 2d 856 (Tex. Civ. App. 1961); Thomas v. Groebl, 212 S. W. 2d 625 (Texas, 1948).

Both parties delve extensively into the question of whether the provision of the statute relating to the time of filing is mandatory or directory only. Further, the department points out that the statute in question provides for the promulgation of rules and regulations by the Department of Health, and that the regulations provide:

"The required reports from municipalities or municipality authorities must be filed with the Secretary of Health prior to January 31, 1954, and annually thereafter. Reports must be submitted, in duplicate, on forms supplied by the Department of Health".

The department asserts that whether or not the deadline provisions of the statute are considered to be mandatory, the regulations have been lawfully adopted, and it is a general rule that the courts do not inquire into

the wisdom of discretionary action taken by an administrative agency or into the details of the manner adopted to carry action into execution. Its position is that the action taken by the department should not be disturbed. On the other hand, the borough, having gained a favorable decision from two quasi-judicial tribunals, takes the position that this court should not interfere with the discretion of these bodies.

A thorough examination and analysis of the gradations of reasoning would intellectually have a desiccating effect, especially in view of the circumstances causing this dispute. The decision here should be limited to the facts in this case.

Accepting the postmark, Monday, February 4, 1963, as the date of filing, the report was filed within four days, two working days (Saturday and Sunday intervened), of the ostensible deadline. The reason for the delay was the unexpected illness of the borough treasurer. If the date January 31, 1963, was of some significance, the filing under these special circumstances was substantial compliance with both the statute and the rules and regulations of the Department of Health.

There are other compelling considerations for this conclusion favorable to the Borough of Norristown. In examining the cases submitted by the Commonwealth to support the principle that statutory provisions commanding an action to be done within a certain time are mandatory, rather than directory, it is to be noted that the failure to comply with the time requirements was detrimental in some respect to an interested party: East Lake Road and Payne Ave., 309 Pa. 327 (1932); Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370 (1956); Commonwealth v. Lukens Steel Company, 402 Pa. 304 (1961). The effect on the Commonwealth was nugatory in this case. It is contended that without a cutoff date, a statute such as this one would

be unworkable because of the necessity of compiling and analyzing the reports and the preparation of a request for an appropriation from the legislature. The record, however, is devoid of any evidence that the Department of Health had been harmed or prejudiced.

The department insists that if the deadline is disregarded, a report could be filed at any date on the basis of the illness of a municipal official. In East Lake Road and Payne Ave., supra, the Supreme Court stated:

"We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation. [Citing cases.] There are exceptions to the rule: it does not embrace literal compliance with an act, the performance of which has been made impossible through no fault of the one whose duty it was to act, where the thing to be done may be done at some future time (Com. v. Hill, 185 Pa. 385) ; nor does it include the performance of a public duty, the neglect of which works general inconvenience, serious injury, or injustice to those having no control over the person who is to perform the duty: Com. v. Griest, 196 Pa. 396, 416. . . ." (at page 329).

This statement is apropos. Neither an ill public official nor anyone else could be held at fault. The report was filed as soon as reasonably practicable. Moreover, it is of importance that public officials charged with the responsibility of requesting and paying public funds are involved in this situation. The public's interest cannot be ignored because one official, beset at a crucial time by illness, was unable to file a report until four days after it was due.

For the reasons expressed it is our conclusion that appellee, the Borough of Norristown, substantially complied with the filing conditions of the Act of August 20, 1953, P. L. 1217, 35 PS §703.

Accordingly, we make the following

ORDER

And now, March 7, 1966, the appeal by the Commonwealth of Pennsylvania is denied, and the decision of the Department of Finance and Revenue sustaining a settlement by the Board of Claims in favor of the Borough of Norristown and against the Commonwealth of Pennsylvania in the amount of $15,000 is affirmed. Each party to bear its own costs.