Summerhill Borough, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued March 1, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*John W. Taylor,* for petitioner.

*Louis A. Naugle,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 6, 1978:

In 1968, the Sanitary Water Board of the Department of Health of Pennsylvania, the predecessor of the Department of Environmental Resources (DER), issued an order directing Summerhill Borough (Borough) to stop discharging raw sewage into the waters of Little Conemaugh River. In consequence, the Borough engaged a firm of professional engineers which prepared plans for the construction of a sewer system and treatment facility. The plans cost the Borough $31,485.45. The plans were reviewed by the Sanitary Water Board which, in April 1970, issued a permit for the construction of the proposed facilities.

In May 1971, DER notified the Borough that it could no longer certify the Borough's sewage project for federal funding because:

Federal Regulation 18 C.F.R. §601 and the guidelines issued thereunder require the Commonwealth to certify that projects recommended for federal assistance are part of, or consistent with . . . regional waste and water quality plans.

Commonwealth policy regarding certification is to certify only those projects representing the best mix of (1) expeditious action to abate pollution, (2) consistency with available information on long-range development and (3) economy. The project application referenced above is inconsistent with this policy for the following reasons.

Permit No. 1170401 was issued to the Summerhill Borough Council for the construction of a sewage treatment plant to serve the Borough of Summerhill. The Cambria County Comprehensive Water and Sewer Plan, which was partially funded under the Pennsylvania Sewage Facilities Act recommends that the Borough of Summerhill undertake a joint sewerage project with the Borough of South Fork and Ehrenfeld and (possibly) other municipalities in the same watershed in order to abate existing pollution and prevent future pollution. There are raw sewage discharges in the Boroughs of South Fork and Ehrenfeld and in Summerhill Township. South Fork Borough and Summerhill Township are under orders to abate these discharges. If a separate sewage treatment plant is built by Summerhill Borough, duplicate facilities will be required to serve the other communities. All available information indicates that a joint project will be more economical than separate facilities. The duplication of facilities and costs that would result from the

implementation of separate projects, is not in the best interest of the Commonwealth. In view of the above and the Department's policy, we cannot certify your grant application.

In August 1972, DER revoked the Borough's sewage permit and ordered the Borough to negotiate and enter into agreement with six other municipalities for the construction of a regional sewage system and treatment facility. The six municipalities named in the order formed the Forest Hills Municipal Authority. The Borough refused to join the Authority and instead appealed the DER's order to the Environmental Hearing Board (EHB). Section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21; *See Charleston Township Municipal Authority v. Department of Environmental Resources*, 29 Pa. Commonwealth Ct. 127, 370 A.2d 758 (1977). DER filed a motion for summary judgment pursuant to R.C.P. No. 1035, which the Borough duly answered. EHB entered summary judgment in favor of DER. The Borough has filed a Petition for Review asking that we reverse EHB's order or, in the alternative, that we enjoin its enforcement until the Borough is reimbursed for the costs of the engineering plans it obtained in compliance with the Sanitary Water Board's order. DER has filed preliminary objections to the Borough's request for reimbursement.

With respect to the Borough's challenge to the validity of the EHB order, we first note that our review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Department of Environmental Resources v. Borough of Carlisle*, 16 Pa. Common-

wealth Ct. 341, 330 A.2d 293 (1974). We will sustain a motion for summary judgment where:

'[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'

*McFadden v. American Oil Co.*, 215 Pa. Superior Ct. 44, 48, 257 A.2d 283, 286 (1969).

The record reveals no dispute as to any material fact before the EHB. Section 203(b) of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.203(b), authorizes DER to

issue appropriate orders to municipalities where such orders are found to be necessary to assure that there will be adequate sewer systems and treatment facilities to meet present and future needs or otherwise to meet the objectives of this act. Such orders may include, but shall not be limited to, orders requiring municipalities to undertake studies, to prepare and submit plans, to acquire, construct, repair, alter, complete, extend, or operate a sewer system or treatment facility, or to negotiate with other municipalities for combined or joint sewer systems or treatment facilities. Such orders may prohibit sewer system extensions, additional connections, or any other action that would result in an increase in the sewage that would be discharged into an existing sewer system or treatment facility.

This provision empowers DER to order municipalities to join in regional sewage treatment systems for the purposes of eliminating sewage pollution in Pennsylvania streams, lakes and rivers. *Commonwealth*

*v. Derry Township, Westmoreland County*, 466 Pa. 31, 351 A.2d 606 (1976), affirming in relevant part, 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973). An appeal from the issuance of such an order serves only to determine its validity and content—that is, whether DER had an actual factual basis for issuing the order. *Ramey Borough v. Department of Environmental Resources*, 466 Pa. 45, 351 A.2d 613 (1976), affirming 15 Pa. Commonwealth Ct. 601, 327 A.2d 647 (1974). The Borough here did not challenge the facts that its discharge of raw sewage was polluting the Little Conemaugh River or that there was a need for a regional sewage treatment facility. Its only objection to DER's order that it join the Forest Hills Municipal Authority was, and is, that the order renders the plans for which it paid more than $31,000 useless, to the Borough's considerable financial loss.[1] The Borough's position has sentimental appeal; it is not, however, effective in law.[2] Economic hardship and losses to

---

[1] The Forest Hills Municipal Authority was and is willing to give the Borough a credit against its obligations of membership of $1500 on account of the cost of its plans.

[2] The EHB was sympathetic to the Borough's loss and offered the following accurate and well expressed explanation of its plight:

As sometimes happens, Summerhill Borough is the victim here of change and evolution in social planning policies. When the Department of Health issued its 1968 order, the object was simply to abate pollution, and the borough's plans for its own sewer system were initially considered adequate to do the job. In the early 1970's, however, both the federal and state governments began to adopt and enforce policies promoting regional sewerage facilities because they made more sense economically and environmentally than a series of treatment facilities built to coincide with the municipal boundaries. In Pennsylvania, that policy was embodied in the 1970 Clean Streams Law Amendment to The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq., requiring the department (then of Health, now of Environmental Resources) to consider,

municipalities attendant on DER regionalization orders are not valid bases for challenge of such orders. *Ramey Borough v. Department of Environmental Resources, supra; Commonwealth v. Derry Township, Westmoreland County, supra.* EHB, therefore, properly granted summary judgment in favor of DER.

Turning next to the portion of the Borough's petition which asks that we enjoin implementation of DER's order until the Borough is somehow reimbursed the expense of its plans, we observe that the order complained of is simply an exercise of the sovereign power of the Commonwealth over the Borough. *Department of Environmental Resources v. Borough of Carlisle,* 16 Pa. Commonwealth Ct. 341, 330 A.2d 293 (1974). The Borough, as are other municipal subdivisions, is an agency of the Commonwealth created by the Commonwealth for the purpose of carrying out some of the functions of government. As such, it possesses only those rights against the Commonwealth as are granted by statute. *Philadelphia v. Fox,* 64 Pa. 169 (1870). *See also Department of Environmental Resources v. The Westmoreland-Fayette Municipal Sewage Authority,* 18 Pa. Commonwealth Ct. 555, 336 A.2d 704 (1975); *Department of Environmental Resources v. Borough of Carlisle, supra.* The Borough has not cited and we know of no statute which authorizes, much less requires, the State to reimburse the Borough for this expenditure. *Chester County In-*

---

among other things, 'water quality management and pollution control in the watershed as a whole' and 'the feasibility of combined or joint treatment facilities', 35 P.S. §691.5(a)(1) and (3), in taking action authorized by the Act. The federal government has implemented a regional policy by making the grant money that it controls (without which almost no treatment can be or is built today) available only for regional facilities. See 40 C.F.R. Part 35, §§35.835-2; 35.150.2.

*stitution District v. Commonwealth,* 341 Pa. 49, 17 A.2d 212 (1941).

Accordingly, we enter the following

ORDER

AND Now, this 6th day of April, 1978, it is ordered that the decision of the Environmental Hearing Board be and it is hereby affirmed, and it is further ordered that the preliminary objections of the Department of Environmental Resources to Summerhill Borough's Petition for Review sounding in equity be and they are hereby sustained.

Judge MENCER dissents.