567 A.2d 342

**UPPER ALLEGHENY JOINT SANITARY AUTHORITY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Dec. 8, 1989.

James L. Nardelli, Nardelli & Nardelli, New Kensington, for petitioner.

Donna J. Morris, Dept. of Environmental Resources, Pittsburgh, for respondent.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The Upper Allegheny Joint Sanitary Authority appeals from an order of the Environmental Hearing Board granting the motion for summary judgment of the Department of Environmental Resources and dismissing the authority's appeal of the department's action returning the authority's unprocessed application for a sewage treatment plant subsidy pursuant to the Act of August 20, 1953, P.L. 1217, *as amended*, 35 P.S. § 701–703 (Act 339).

The issue in this case is whether the authority timely submitted its Act 339 application to the department.

The facts of this case are not in dispute. On February 1, 1988, the authority completed its Act 339 application. On that day, although the authority's office closed at 4:30 p.m.,

a general manager of the authority requested an employee to remain at the office in order to mail the authority's Act 339 application to the department.

Before receiving the authority's application, the employee, in anticipation of the next business day, changed the date on the authority's postage meter from February 1, 1988, to February 2, 1988. At approximately 5:15 p.m., the employee affixed postage to the envelope containing the application, but bearing a metered date of February 2, 1988. The employee then proceeded to the post office. Because the post office had already closed, the employee deposited the application in an outside receptacle marked "Out-of-Town".

The postal personnel do not remove mail placed in an "Out-of-Town" receptacle after 5:00 p.m. until the following morning. Thus, authority's application did not leave the post office until February 2, 1988.

The department received the authority's application on Monday, February 8, 1988. On the ground that the application was not received by the department or postmarked by January 31, as the law requires, the department returned the application on February 16, 1988.

On March 14, 1988, the authority filed an appeal of the department's action with the board. On July 8, 1988, the department filed a motion for summary judgment with the board. Treating the department's motion for summary judgment as a motion for judgment on the pleadings, the board granted the department's motion and dismissed the authority's appeal. This appeal followed.

■ Our scope of review of an order of the Environmental Hearing Board granting summary judgment in favor of the department is limited to a determination of whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Summerhill Borough v. Department of Environmental Resources*, 34 Pa.Cmwlth. 574, 383 A.2d 1320 (1978).

The purpose of Act 339 is to provide financial assistance to municipalities for operating and maintaining municipal sewage treatment plants. Under Section 3 of Act 339, the department is authorized to make payments to municipalities for the operation of sewage treatment plants in the following manner:

> The amounts to be expended for any of the foregoing purposes shall be recommended by the Secretary of Health and approved by the Governor, in accordance with rules and regulations which the Department of Health is hereby authorized to promulgate, *and shall be based upon reports filed with the Secretary of Health prior to the thirty-first day of January, one thousand nine hundred fifty-four, and annually thereafter,* by the municipalities, municipality authorities or school districts entitled to receive such payments, setting forth the amounts expended for the acquisition and construction of sewage treatment plants from the effective date of the act, approved the twenty-second day of June, one thousand nine hundred thirty-seven (Pamphlet Laws 1987),[1] up to and including the thirty-first day of December of the preceding year. (Emphasis added.)
>
> [1] Section 691.1 et seq. of this title.

The regulations, 25 Pa.Code § 103.23, specify the time in which an Act 339 application must be received by the department. The relevant portion of 25 Pa.Code § 103.23 provides:

> (a) The required application and supporting documentation shall be filed with the Department prior to January 31, 1954 and prior to February 1 annually thereafter. *No application received by the Department or postmarked later than January 31 will be accepted for processing by the Department.* (Emphasis added.)

Thus, both the statute and the regulation require applications to be filed with the board no later than January 31 of each year. In this case, because January 31, 1988, was a

Sunday, the authority's application must have been filed with the department no later than February 1, 1988.[1]

The authority argues that the spirit and intent of Act 339 and the accompanying regulations was to insure that an application leave an applicant's control by February 1, in this instance, and that the authority has complied with this intent. However, Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b) provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The authority argues that extraordinary circumstances existed which caused the late filing, and the authority cites *Borough of Norristown v. Commonwealth*, 39 Pa. D. & C. 2d 245 (1966), as controlling in this case. In *Norristown*, the borough's application was postmarked on February 4. The reason the application was not filed earlier was because of the unexpected illness of the borough treasurer who had the responsibility of preparing the application. The court permitted the late filing because the unexpected illness of the borough treasurer created a special circumstance which made compliance with the filing deadline impossible. However, the court specifically stated that "the decision here should be limited to the facts in this case." *Id.* at 249.

■ In the present case, the authority's failure to take the necessary precautions to insure compliance with the filing deadline does not constitute a special circumstance.

The law required that this application be either (1) actually filed in the department's hands by February 1, or (2) postmarked not later than February 1. But the actual filing time, as well as the metered date, fell beyond February 1. Even if the metered date had been February 1, private postal meter dating obviously is not equivalent to a

1. Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908, provides that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day.

"postmark", the date of which is determined by independent officialdom, the postal service.[2]

In *East Pennsboro Township Authority v. Department of Environmental Resources,* 18 Pa.Cmwlth. 58, 334 A.2d 798 (1975), this court stated that the department is under an obligation to enforce specific requirements in a regulation.

Because the authority failed to file its Act 339 application on time, the board properly dismissed the authority's appeal. The authority argues that where a decision to accept or deny an Act 339 grant application depends upon pertinent facts as to whether timely application has been filed, the case cannot be decided summarily but must be submitted for an evidentiary hearing. However, in this case, no material facts are in dispute.

Accordingly, we affirm the order of the board.

## ORDER

NOW, December 8, 1989, the order of the Environmental Hearing Board is affirmed.

---

**2.** Persons using privately metered mail, or others, can obtain a U.S. Postal Service Form 3817 mailing date certificate (See e.g., Pa.R.A.P. 1514) as a postmark equivalent.